## (May 28, 1974)

### (Republished)

■ TRUSTEES OF COLUMBIA UNIVERSITY, Appellant, v. BERTHA SPERLING, Respondent, and BENJAMIN ALTMAN, as Rent Commissioner, Intervenor-Respondent. TRUSTEES OF COLUMBIA UNIVERSITY, Appellant, v. BARBARA HENNESSEY, Respondent. TRUSTEES OF COLUMBIA UNIVERSITY, Appellant, v. MICHAEL LEVIN, Respondent, and BENJAMIN ALTMAN, as Rent Commissioner, Intervenor-Respondent.— Orders of the Appellate Term of the Supreme Court, First Department, respectively entered on September 28, 1972 and December 7, 1972, reversing final judgments of the Civil Court of

the City of New York, County of New York, entered on January 31, 1972 (Sperling case) and March 22, 1972 (Hennessey case) and directing that final judgments be entered in favor of each of the respective tenants and dismissing the petitions of the landlord in these summary holdover proceedings, consolidated for the purpose of appeal, reversed, on the law and the facts, without costs and without disbursements, and the judgments of the Civil Court granting the landlord's petitions are reinstated. The appeal in the Levin case from the order of Appellate Term, similarly consolidated for the purpose of appeal, entered September 28, 1972, is unanimously dismissed as moot, without costs and without disbursements. The continued occupancy of the apartments by the tenants, after cessation of their university connected affiliation, and for a period of time on a month-to-month basis, after the expiration of their original leases expired, did not convert their respective apartments into a controlled status, and Appellate Term erred in so finding. (See 34 N. Y. Jur. Landlord and Tenant, § 413.) Each of the vacant apartments rented to the respective tenants was rented to the tenants solely because of their status as university employees, which they fully recognized in covenanting to relinquish the same upon termination of their employment by the university. The terms of the continued occupancy on a month-to-month basis by the tenants must be deemed to have incorporated therein the university relationship requirement. The decontrolled status of the apartments, as accommodations for students and staff, remained, and, with particular reference to the Sperling case, we would note, did not constitute a change of intention to withhold the accommodations from the general rental market. We would observe also that nothing in the Rent Law forbids a mixed category of buildings. (See Administrative Code of City of New York, § Y51–3.0, subd. e, par. 1.) Furthermore, the premises at issue may be considered as being embraced within the category of school dormitories, and thus are excluded from the definition of housing accommodations (Administrative Code, § Y51–3.0, subd. e, par. 2, cl. [b]) as are institutions " operated exclusively for charitable or educational purposes on a nonprofit basis." (Administrative Code, § Y51–3.0, subd. e, par. 1.) In each of the appeals before us, it is clear that the continued occupancy against a generous landlord was unlawful, and the petitions of the landlord were properly granted by the Civil Court. In the Levin case we dismiss the appeal as moot because this tenant vacated his apartment in the period intervening the determination of Appellate Term and the argument of this appeal. Concur — McGivern, P. J., Markewich, Capozzoli and Lane, JJ.; Nunez J., dissents as to Appeals Nos. 603 and 604 in the following memorandum: I concur in the dismissal of Levin as moot. However, as to Bertha Sperling and Barbara Hennessey, I would affirm the judgment of the Appellate Term. The landlord acknowledges in both leases that the apartments are subject to rent control. Furthermore, at the trial the landlord's attorney specifically conceded as to Sperling that the premises were subject to the rent control laws and as to Hennessey he conceded that the building in which the apartment was located was subject to control. Sperling entered into a two-year lease commencing September 1, 1969. Hennessey entered into hers commencing January 1, 1970. Both agreed that they would vacate within 30 days of the termination of their then existing employment with the university. Both continued in possession for many months after the termination of their employment. Their leases having expired, both tenants were served with 30-day notices to vacate. The landlord seeks to deprive the tenants of the benefits of the rent control laws by pointing to the condition in the lease providing that they would vacate within 30 days after termination of employment with the

university. But these tenants may not be deprived of their apartments by virtue of said lease provisions. They were void and unenforceable. Section 17 of the New York City Rent, Eviction and Rehabilitation Regulations provides: " Waiver of Benefit Void. An agreement by the tenant to waive the benefit .of any provision of the Rent Law or these Regulations is void." And subdivision (a) of section Y51–6.0 of the Administrative Code expressly bars any waiver of the eviction provisions by controlled tenants. [44 A D 2d 814.]