OPINION OF THE COURT
Jose Ramos-Lopez, J.
This is a commercial holdover proceeding based upon the termination of a purported commercial lease.
Petitioner acquired the subject premises in December, 1977. Kuldip A. Contractor entered into a one-year residential lease with the predecessor of petitioner, commenced on April 15, 1977 and expired April 30, 1978. After the expiration of the lease, Mr. Contractor executed a commercial lease, under the corporate name of respondent, with petitioner for the same residential premises for one year commencing May 1, 1978. After the expiration of the second lease, petitioner refused to offer a new lease to respondent and seeks, in this proceeding, *508 to evict it. Petitioner is a member of the Rent Stabilization Association of New York City, Inc., and the subject apartment is registered with the association as a residential dwelling unit.
Respondent contends that the second lease is a nullity because the petitioner did not comply with sections 23 and 60 of the Code of the Rent Stabilization Association of New York City, Inc. (Code) in failing to offer Mr. Contractor a renewal of the lease which expired April 30, 1978.
A partner of petitioner, Philip Goldfarb, testified that a notice to renew the initial lease was sent to Mr. Contractor within the applicable time, and that this was a general practice of the petitioner. Mr. Contractor denies that he received a copy of the notice. Mr. Goldfarb further testified that Mr. Contractor refused to renew the lease on an individual capacity but asked to renew as a corporate tenant for alleged tax benefits.
The court finds that the subsequent execution of a new lease by Mr. Contractor under a corporate name as tenant substantiates the testimony of Mr. Goldfarb that notice to renew the lease was given to Mr. Contractor and was refused.
Mr. Contractor appears to have a good understanding of the English language and must be bound by his action in executing the second lease.
The court further finds that the parties agreed that the premises would be used by the corporate tenant for both commercial and residential purposes under the lease dated May 1, 1978 even though the lease, a standard form of office lease, is silent as to the usage of the premises.
Mr. Goldfarb testified that petitioner had knowledge of the dual use of the apartment by respondent since the initial time of occupancy. Mr. Contractor, president of respondent, apparently has been using part of the apartment commercially since he took occupancy in 1977, and has paid all rent by corporate checks. He testified that the apartment is used 50% as a showroom for respondents import business and 50% for residential. He further testified that half of the area of the apartment contains property for commercial use and the other half contains property for residential use. Mr. Contractor has no other place of residence except the premises in issue.
Petitioner urges that the provisions of the Rent Stabilization Law (Administrative Code of City of New York, § YY51 *509 1.0 et seq.) and Code do not apply in the instant case because the subject premises was allegedly used predominately for professional usage.
The New York City Conciliation and Appeals Board has primary jurisdiction over any disputes between landlords and tenants under its jurisdiction (8200 Realty Corp. v Lindsay, 27 NY2d 124).
The Conciliation and Appeals Board has ruled on numerous occasions that the Rent Stabilization Law and Code "makes no distinction between a dwelling unit occupied solely for dwelling purpose and one which is occupied partially for dwelling purposes and partially for professional or commercial purposes,” and that these premises are subject to the provisions of the Rent Stabilization Law and Code (New York City Conciliation & Appeals Bd, Opns Nos. 106, 2569, 7406). A research of the board’s determination shows that it has not been reversed by a court of competent jurisdiction, and this court finds that such interpretations of the language of the Code and Rent Stabilization Law has an apparent rational basis which should not be disturbed without proceeding under CPLR article 78. Moreover, the court will not rule on the legality of the board’s determination on this issue since this court does not have appellate jurisdiction. The determination of the Conciliation and Appeals Board should be adhered to until properly challenged in the Supreme Court of this State.
Further, the mere fact that a corporation enters into a lease for a residential apartment and uses it for residential and commercial purposes does not take it out of the protection and provisions of the Rent Stabilization Law and Code.
Petitioner contends that in Matter of Koppel’s Realty Corp. v New York City Conciliation & Appeals Bd. (NYLJ, March 26, 1979, p 7, col 6) it was held that an apartment used predominantly for professional purposes does not fall within the purview of the provisions of the Rent Stabilization Law and Code. However, to this court, Justice Helman’s opinion states that the determination of the Conciliation and Appeals Board that the apartment in issue was used for residential as well as commercial purposes was based on insufficient evidence; that the computation of rent by the board was in error; and therefore the case was remanded for further proceeding. Thus, this court does not feel that this case supports the petitioner’s contentions herein.
In the instant case, the court finds from the credible evi *510 dence that the subject premises was used equally for residential and commercial purposes, and that the provisions of the Rent Stabilization Law and Code apply to this situation.
The court further finds that the petitioner failed to comply with sections 23 and 60 of the Code of the Rent Stabilization Association of the City of New York, Inc., by not oifering respondent a renewal lease and therefore petitioner cannot evict respondent on the basis of the expiration of that lease.
Based on the foregoing, the court dismissed petitioner’s petition against respondent with prejudice. The counterclaim of respondent was severed at the close of the trial.