OPINION OF THE COURT
Carol H. Arber, J.
This is a summary holdover proceeding wherein the landlord is seeking to evict the tenant, alleging that the term of a monthly tenancy or tenancy from month to month has expired. The tenant asserts that it is a statutory tenant protected by the New York City Rent and Rehabilitation Law (Administrative Code of City of New York, § Y51-1.0 et seq.).
This matter was tried before me, and the following constitutes my findings of fact and conclusions of law.
FACTS
On September 12, 1963, the tenant, Candid Products, Inc., entered into a lease agreement with a predecessor landlord for a two-year term. The lease contained a rider which stated, inter alia, that the apartment would be occupied “only by the President of the tenant, Paul Feigay, his spouse and children.”
On February 26, 1983, Paul Feigay died. Dick Button became the president of the corporate tenant. The tenant *755 did not vacate the premises at any time. At present, the property belonging to the tenant is in the apartment along with the personal property of the deceased corporation president. In addition, the tenant corporation’s president, Dick Button, is in possession of the premises and his personal property is in the apartment.
On May 26, 1983, a notice of termination was served upon the tenant. Also in May, the tenant filed a complaint with the district rent director. The instant summary proceeding was commenced by service of a notice of petition and petition on the tenant on July 15, 1983. The tenant had continued to pay rent until such time as the petitioner’s managing agent refused to accept rent. However, the tenant’s check for all rents due and owing in October, 1983 was accepted by the petitioner.
On October 13,1983, the district rent director closed the tenant’s complaint file, stating that the premises were decontrolled under the vacancy decontrol regulations and that a corporation is not considered to be a tenant of a residential apartment. The tenant filed a protest on November 2, 1983, and to date there has not been a determination. The tenant moved on December 12,1983, for a stay of this summary proceeding pending determination of the tenant’s protest. This motion was denied on December 15, 1983, by order of Judge Thomas V. Sinclair, Jr., of this court. In view of the order denying the stay, a trial was held on January 13, 1984.
LAW
Subdivision m of section Y51-3.0 of the Administrative Code defines a tenant as “[a] tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation.” This same law defines person as “An individual, corporation, partnership, association, or any other organized group of individuals or the legal successor or representative of any of the foregoing.” (Administrative Code, § Y51-3.0, subd h.) It is clear then that a corporation may be a person, and, therefore, may be a tenant.
Where the premises are used as a residence, the use of a corporate or individual name on the lease has been held to *756 be of no real significance. (Associated, Realties v Quadrant Dev. Corp., NYLJ, Feb. 21,1980, p 10, col 1 [App Term, 1st Dept].) In the instant case, the lease provides for occupancy of the premises “only by the president of the tenant, Paul Feigay”. The court was persuaded by the testimony of Mr. Button with respect to the intended and actual use of the premises. The corporate tenant is engaged in the business of television productions. It is imperative that the president be available at all times during the crucial editing stages. This need necessitated the corporate tenant’s renting of an apartment for the use of the corporation, as well as its president. Mr. Button’s testimony, which the court found very credible, was that during the periods of Mr. Feigay’s incapacitation, Mr. Button resided in the apartment as he assumed the president’s responsibilities.*
The language of the lease in the instant case is distinguishable from the case decided by the Appellate Division where the corporate tenant’s lease named a specific person in his individual capacity and not by his title. (Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 94 AD2d 229.) The Appellate Division opinion stressed this limitation in the lease in Cale, and, therefore, the instant matter is not bound by that decision.
CONCLUSION
Under the New York City Rent and Rehabilitation Law, a tenant may not be evicted except as set forth in section Y51-6.0 of the Administrative Code. The petitioner herein has not specified a proper ground for eviction of this tenant pursuant to the afore-mentioned section. The petition is therefore dismissed.

 Although the mixed use of the premises was not raised as an issue by petitioner, it was contemplated by the parties at the inception of the lease. The Appellate Term has held that a mixed use of an apartment does not deprive the corporate tenant of the protections of the Rent Stabilization Law. (Administrative Code, § YY51-1.0 et seq.) (Park Towers South Co. v A-Lalan Imports, 101 Misc 2d 507, aifd 103 Misc 2d 565.) See, also, Matter of Zeitlin v New York City Conciliation & Appeals Bd. (46 NY2d 992), where it was held that a mixed use apartment constitutes a housing accommodation subject to the protection of the Emergency Tenant Protection Act. (L 1974, ch 576, § 4.)