OPINION OF THE COURT
Per Curiam.
Order dated March 1,1984 reversed, with $10 costs, tenant’s motion to dismiss the petition is denied, and the petition is reinstated.
In 1972, tenant rented housing accommodations in a building owned by landlord Columbia University. Pursuant to the original lease, the letting was made upon the express condition that tenant be a member of the staff or a student at the university. The last extension of the lease expired June 30, 1983, and Columbia commenced summary eviction proceedings shortly *82 thereafter on or about July 5, 1983. The holdover petition alleged, inter alla, that “The apartment is not subject to the New York City Rent Control Law or the Rent Stabilization Law because the premises were rented by a non-profit educational institution to a member of its staff or a student as an incident of said affiliation”.
Civil Court granted tenant’s motion to dismiss, holding that the proceeding was fatally flawed because Columbia had failed to notify the tenant of its intention not to renew the lease, as required by Omnibus Housing Act § 52 (OHA; L 1983, ch 403). This was error. Sections 50 and 52 of the OHA address the right of unaffiliated stabilized tenants to continue in possession in buildings owned by nonprofit institutions. Section 50 provides, in substance, that an institution may not refuse to renew a stabilized tenant’s lease for purposes of the institution’s residential use if the tenant had either lived in the building before the institution’s ownership or if the tenant had moved in subsequent to ownership, had lived in the building prior to July 1,1978, and had not been explicitly informed upon initial occupancy of the institution’s right to evict. In this respect, it seems clear that the legislative intent was to overcome the holdings in decisions such as Slaven v Syracuse Univ. (92 AD2d 462) and Museum of Modern Art v Kirk (111 Misc 2d 1074) (see, 1983 NY Legis Ann, at 177). But we perceive no intent on the part of the Legislature to bestow rights upon occupants whose initial right to possession was expressly conditioned upon affiliated status with an institution. Such relationships have consistently been viewed as outside the intended scope of the rent control and rent stabilization laws (Trustees of Columbia Univ. v Sperling, 44 AD2d 819; Trustees of Columbia Univ. v Lowson, NYLJ, Apr. 9,1979, p 13, col 1 [App Term, 1st Dept.]). This tenant, who took occupancy in 1972 during the period of “vacancy decontrol” under a lease containing a standard affiliation clause, has never been and is not now a tenant protected by the Rent Stabilization Law of 1969 (Administrative Code of City of New York § YY51-1.0 et seq.). Nor may he rely upon the Emergency Tenant Protection Act of 1974 (ETPA; L 1974, ch 576, § 4) to bring himself within stabilization coverage. Section 5 (a) (6) of the act, as amended by section 55 of the OHA, exempts from a declaration of emergency housing accommodations owned or operated by a college except where, inter alla, such housing accommodation is “occupied subsequently by a tenant who is not affiliated with such institution at the time of his initial occupancy” (emphasis added). Thus, the statute expressly does not afford protection to a tenant, such as the tenant herein, who was affiliated with the institution at the inception of his occupancy.
*83 Inasmuch as the tenant is neither an original rent-stabilized tenant nor a tenant who became subject to rent stabilization pursuant to the ETPA, landlord was not required to observe the •notification procedures set out in section 52 of the OHA — procedures which relate to the nonrenewal of leases of stabilized tenants. Accordingly, the petition should not have been dismissed.
Dudley, P. J., Hughes and Sandifer, JJ., concur.