OPINION OF THE COURT
Memorandum.
The order should be affirmed, with costs.
On the particular facts and circumstances presented we agree with the Appellate Division that respondent association occupies the subject apartment as a residential tenant as the lease, itself, provides; that an entity can be a residential tenant under the Rent Stabilization Law; that the apartment is, therefore, subject to the Rent Stabilization Law; and that because petitioner does not meet the requirements of the Code of the Rent Stabilization Association of New York City, Inc. § 54 (A) he is not entitled to a judgment evicting respondent. The issue discussed in the dissent — whether respondent occupies the apartment as a primary tenant — is not before us in this holdover eviction proceeding. The dissent refers to cases where the Conciliation and Appeals Board had made primary residency determinations (see, Rent Stabilization Code § 54 [E] [1], [2], [3]). No such determination has been made here.
Titone, J. (dissenting). Although a group home undoubtedly performs a vital and beneficial service to the public, I cannot accept the notion that it comes within the ambit of the rent stabilization laws, and, therefore, dissent.
The Jewish Child Care Association of New York City (JCCA), a not-for-profit corporation, has operated a group home for adolescent girls in an eight-room apartment located *958 on West End Avenue in Manhattan since 1955. The apartment was decontrolled in 1968, and its last lease, which expired June 30, 1977, permitted occupancy by up to 10 persons, including at least one adult, at a monthly rental of $490.26.
A cooperative plan became effective in 1977, but JCCA did not bring suit to challenge it, and the shares allocated to the apartment were conveyed to petitioner Jerome Koenig who commenced this holdover proceeding to evict JCCA. Subsequent declaratory judgment actions brought by JCCA, to compel the sponsor to convey title to it, are not at issue here as the sponsor is not a party to this proceeding.
The Appellate Division, which reinstated a Civil Court judgment in JCCA’s favor following an Appellate Term reversal, concluded that JCCA’s group home was entitled to all the rights of a family under the rent stabilization laws, and that because petitioner could not meet the requirements of the Code of the Rent Stabilization Association of New York City, Inc. § 54 (A), i.e., a person "who does not reside in the building [and who] seeks in good faith to recover possession”, the petition had to be dismissed. I disagree.
In order to claim the protections of the rent stabilization laws, JCCA must establish that the apartment is maintained as its primary residence (see, Matter of Cale Dev. Co. v Conciliation & Appeals Bd., 61 NY2d 976, affg 94 AD2d 229). This it cannot do. A review of the relevant decisions indicates that, in order to qualify under the primary residence test, there must be an identifiable individual who has the right to demand a renewal lease (see, Matter of Cale Dev. Co. v Conciliation & Appeals Bd., supra; Matter of Sommer v New York City Conciliation & Appeals Bd., 61 NY2d 973, affg 93 AD2d 481; Matter of Walter & Samuels v New York City Conciliation & Appeals Bd., 81 AD2d 212, appeal dismissed 55 NY2d 824). Such a limitation is necessary to prevent the apartment from being subject to rent stabilization laws in perpetuity. As was noted in Matter of Cale Dev. Co. (supra, pp 234-235), "[w]hile * * * a corporate tenant is entitled to a renewal lease provided it can meet the primary residence test, rent stabilization was never intended to place such a tenant’s leasehold estate in perpetual trust for the benefit of whom *959 ever, at a particular point in time, might happen to occupy a corporate office.”*
The apartment is one of many operated by JCCA throughout the New York metropolitan area, and while JCCA may be the named tenant, the occupants are all children, whose occupancy is temporary, and who are supervised by a rotating staff of social workers. In short, no one lives in the apartment on a permanent basis and there is no individual who can claim primary tenancy.
Accordingly, I would reverse the order of the Appellate Division and reinstate the order of the Appellate Term.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye and Hancock, Jr., concur; Judge Titone dissents and votes to reverse in an opinion; Judge Alexander taking no part.
Order affirmed, with costs, in a memorandum.

 It is true that in Matter of Cale Dev. Co. v Conciliation & Appeals Bd. (61 NY2d 976, affg 94 AD2d 229) and Matter of Walter & Samuels v New York City Conciliation & Appeals Bd. (81 AD2d 212, appeal dismissed 55 NY2d 824) the Conciliation and Appeals Board had made administrative primary residence determinations. But the legal principles discussed in those cases are just as germane to the issues raised in this summary proceeding because JCCA’s last lease expired in June 1977, and no renewal lease has been tendered. Moreover, when, as here, the facts are undisputed, this already prolonged litigation should not now be shifted to the administrative forum.