■ CENTRE CONTINENTAL Co., Appellant, v UNITED CEREBRAL PALSY ASSOCIATION OF NEW YORK STATE, INC., Respondent, et al., Defendant.—In an action for a judgment declaring that a certain residence in the County of Queens is exempt from the New York City Rent Stabilization Law, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Levine, J.), dated August 14, 1985, as denied its motion for summary judgment.

Order affirmed insofar as appealed from, with costs.

In 1977, the defendant United Cerebral Palsy Association of New York State, Inc. (hereinafter UCP), entered into a lease with the plaintiff for a certain apartment in Queens. The apartment is being used by UCP as a group home for several severely retarded clients. The plaintiff has previously renewed UCP's leases pursuant to the mandates of the New York City Rent Stabilization Law, but contends that it need not renew the present lease upon its expiration because UCP, the tenant of record, is not using the apartment as its primary residence.

The New York City Rent Stabilization Law provides that a landlord must offer a renewal lease to the tenant of a rent-stabilized apartment unless the apartment is not being used as the tenant's primary residence *(see,* Administrative Code of City of New York § YY51-6.0 [c] [4]; *see, Sullivan v Brevard Assoc.,* 66 NY2d 489). However, when a corporation enters into a lease which contemplates occupancy of the apartment by an individual, the relevant inquiry is whether the apartment is being used as a primary residence by the individual, not the corporation *(see, Koenig v Jewish Child Care Assn.,* 107 AD2d 542, *affd* 67 NY2d 955; *Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229, *affd* 61 NY2d 976).

Special Term properly found that several factual issues

exist precluding the granting of summary judgment *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). These factual issues include the question of the plaintiff's knowledge that the apartment was to be used as a group home which would support a finding that by previously renewing the lease pursuant to the statute it has waived its right to now claim that the residence is exempt from the statute *(see, Sullivan v Brevard Assoc., supra; Fisher v Fountain House,* 127 Misc 2d 943, *affd* 118 AD2d 1054). Additionally, a question of fact exists as to whether the apartment, in fact, is being used as the primary residence of the residents. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.