OPINION OF THE COURT
Per Curiam.
Order entered January 8, 1999 affirmed, with $10 costs.
Rent Stabilization Law of 1969 (Administrative Code of City of NY) § 26-511 (c) (9) (c) (i) excuses a landlord from offering a renewal lease “where the housing accommodation is owned by * * * [an] institution operated exclusively for charitable or educational purposes on a non-profit basis and * * * the tenant’s initial tenancy commenced after the owner acquired the property” (emphasis supplied). The legislative intent underlying the statute was to ameliorate prior case law which had permitted after-acquiring institutional landlords to evict unaffiliated tenants whose occupancy commenced prior to the institution’s ownership (see, Trustees of Columbia Univ. v James, 127 Misc 2d 81, affd 123 AD2d 904). Reasonably construing the language of this remedial legislation, it is the entity which owns, operates and maintains the “housing accommodation” which should be considered the owner of the property for purposes of seeking an exemption from rent stabilization. Thus, contrary to the contention of petitioner Jewish Theological Seminary of America (JTSA) that its ownership of the land justifies eviction of these long-term, previously occupying stabilized tenants, JTSA was not the owner when the tenants commenced occupancy. Rather, the owner at that time was Emmess Associates, Inc. (Emmess), a for-profit stock corporation which undisputedly acquired the building in 1969 and transferred title back to JTSA in December 1982. Since the tenants’ initial occupancies commenced prior to the time JTSA reacquired the building, JTSA may not declare the premises exempt and refuse to renew the tenants’ leases.
JTSA’s argument for the piercing of Emmess’ corporate veil to reveal JTSA as the true owner of the building and housing accommodations is rejected. Piercing the corporate veil is a form of equitable relief outside the jurisdiction of Civil Court (19 W. 45th St. Realty Co. v Doram Elec. Corp., 233 AD2d 184). Moreover, the doctrine is typically employed by a third party where abuse of the corporate form has resulted in a wrong or fraud requiring the intervention of a court of equity (Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d *725 135, 140-142). These considerations are not present in the proceedings at hand. Were the issue properly before us, we would find that the record evidence compellingly establishes Emmess’ independent existence, personality and purpose, such that any attempt to disregard it in JTSA’s self-interest would be an unwarranted application of the piercing doctrine.
Parness, P. J., Davis and Suarez, JJ., concur.