The People of the State of New York, on Complaint of Elmer Hanscom, Respondent, *v.* Fritzi Cohen, Also Known as Fritzi M. Cohen, Appellant.

Second Department, December 5, 1938.

*Abraham J. Gellinoff* [*Irving Payson Zinbarg* with him on the brief], for the appellant.

*Charles E. Ramsgate* [*William C. Chanler, Corporation Counsel,* and *Paxton Blair* with him on the brief], for the respondent.

Carswell, J. The question presented concerns the scope of section 335 of the Sanitary Code of the City of New York. Defendant has been convicted of violating that section, which provides, *inter alia*, that a beauty parlor may not be operated without a permit.

It is undisputed that on February 14, 1938, defendant had on the front of a one-family house, in a residence zone in Brooklyn, a sign indicating electrolysis was available to patrons, and that she used therefor a room in that house, without having a permit to

operate a beauty parlor. She had applied for a permit but her application was denied because the building department would not certify to the propriety of a business use in a residence zone or district.

Defendant practices epilation, or the eradication and removal of surplus hair for beautifying purposes by resort to a process, the laws of which were discovered by Michael Faraday. Chemical decomposition by galvanic action is effected by a form of faradism called electrolysis. The process is the inserting of a needle, with a small amount of negative electricity, into the follicle of the hair to be removed. The negative electricity acts as an alkaline caustic which destroys the root of the hair and enables its removal. Defendant's patrons are men and women. They have hair removed from their *faces* and also from all parts of their bodies, such as breasts, legs, *hands*, arms and torso. Defendant does no manicuring or massaging. She testified that some beauty parlors have electrolysis operators in a department separate from that devoted to beauty culture. A man testified he did like work for people sent by physicians, but did no barbering, manicuring or hairdressing.

Does the fact that defendant removes hair from the body (not mentioned in the statute), as well as from the *face* and *hands*, exclude her activity from the purview of the statute? Isolating the pertinent language of section 335, it reads:

" No * * * beauty parlor shall be conducted * * * in the City of New York without a permit therefor issued by the board of health * * *.

" The terms * * * ' beauty parlor ' * * * shall include all premises * * * wherein the business of * * * beautifying the human * * * *face,* * * * or *hands*, is conducted for fee, charge, or hire."

There can be no doubt that the removal of unwanted hair from the human face is commonly deemed " beautifying the human * * * face."

Premises where the business of beautifying the human face or hands is conducted for a fee are within the precise language of the statutory definition of a beauty parlor. Therefore, the defendant is conducting a beauty parlor, unless the fact that she removes hair from other parts of the human body, for reasons of beauty or otherwise, excludes her premises from the statutory definition. To interpret the statute so as to enable a person who does certain types of work (not mentioned in the statute) also, without a permit, to do work specifically within the terms of the statute, when the latter work is general and not casual or sporadic, would be to nullify the statutory provisions and countenance clear evasion

thereof. The removal of hair from the face was characterized as a " type of beauty culture " in a case holding that using electrolysis was not the unlawful practicing of medicine. Likewise, it has been held that the use of electrolysis to prevent growth of hair is similar to the work of a barber in removing hairs on a man's face. (*People* v. *Lehrman,* 251 App. Div. 451; affd., 276 N. Y. 479.)

It follows that defendant conducted a beauty parlor and did so without a permit, which was a violation of the statute.

Defendant asserts that so interpreting the statute makes it invalid, invoking constitutional provisions inhibiting deprivation of life, liberty or property without due process of law. (State Const. art. 1, § 6; U. S. Const. 14th Amendt. § 1.) The term " liberty " in the provisions referred to, in so far as it relates to vocations, contemplates the right to pursue any calling, subject to needful restraints necessary for the common welfare to protect public health or safety from dangers inherent in the character of the particular occupation or calling. Occupations which touch or involve the person of a human being are affected with a public interest and are invariably held to be properly subjected to regulatory license or permit statutes. This principle sustains statutory regulations of barbers which regulate where, how and when they may work (*People* v. *Havnor,* 149 N. Y. 195; *People* v. *Stiegler,* 160 Misc. 463); also beauty parlors (*State ex rel. Garrison* v. *Reeve,* 104 Fla. 196; 139 So. 817).

Electrolysis for epilation being a form of beautifying, the place of the general use thereof is a beauty parlor. Such a place is like unto a barber shop and is equally affected with a public interest of a like character. Its statutory regulation does not impinge upon the constitutional provision invoked.

The judgment of conviction should be affirmed.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, TAYLOR and CLOSE, JJ.

Judgment of conviction by a City Magistrate, sitting as a Court of Special Sessions of the City of New York, Borough of Brooklyn, unanimously affirmed.