Jack Stanislaw, J.
Plaintiffs Town of Huntington and its Building Inspector, Earle H. Willets brought this action for a permanent injunction to restrain defendants Transon and Blue from the maintaining of a house trailer in the township. Defendants move to dismiss the complaint for failure to state a cause of action, and plaintiffs cross-move for a temporary injunction directing an immediate removal of the house trailer pending the outcome of the action.
Attention can be fully directed to the sufficiency of the complaint, for even if it is valid the cross motion falls as providing the ultimate relief prayed for right now. Continued use and maintenance of the subject house trailer pending a trial on the merits, if that be indicated, is not other than superficially harmful to plaintiffs, and the temporary relief, if allowed, would actually accomplish the permanent result still to be litigated.
Transon owns the property, located in a “ Besidenee B District ” (one acre), upon which the trailer in question is placed, occupied by defendant Blue. The town insists that the erection, occupancy, use or maintenance of the trailer on this property is illegal due to the following: (1) no building permit or certificate of occupancy has been issued for it; (2) the dwelling has less than 800 square feet of ground floor livable area; (3) the dwelling violates both minimum area and lot width provisions to the town’s Building Zone Ordinance. Defendants quickly raise the issue of whether this, or any, house trailer (mobile home) is a building within the meaning of that ordinance. The ordinance itself does not specifically refer to or even define trailers. If the town legislation does cover these units then the particular provisions of the Zoning Ordinance and the Building Code allegedly applicable will serve to validate the complaint; if not, then plaintiffs will have failed to show any basis for the relief asked.
Article VIH of the Building Zone Ordinance mandates the issuance of a building permit to correct or alter a building, and *914 a certificate of occupancy for the use or occupancy of such building. Article IV of the ordinance regulates housing density as to lot area and width. In the Building Code Ordinance, article IV requires minimum ground floor area and building height, and in article I similarly deals with building permits and occupancy certificates. Definitions of “ building ” are found in both ordinances under article II. In section 1 of the Zoning Ordinance, “ (a) * * * the word ‘ building ’ includes the word 1 structure ’ ”; the Building Code, at section 2 of article II reads ‘‘ Definitions, Structure — See Building. A combination of materials to form a construction that is safe and stable, including stadia, tents for public assembly or amusement performances, reviewing stands, platforms, stages, observation towers, sheds, radio towers, gasoline pumps, retaining walls, bins, fences, display signs, and billboards. The term Structure shall be construed as though followed by ‘ or part thereof ’ and is used syaonomously with the term Building. ’ ’ The code also identifies buildings as constructions safe, stable, adopted to continuous occupancy on a permanent basis for residence, etc.
Defendants stress the temporary aspects of trailers as residences in alluding to their exclusion from regulation. The State Sanitary Code defines them, at section 7.1, as temporary residences. Mobility is thus highlighted to strengthen this point of view. However, if they are capable of immobility long enough to be assessed against the realty upon which they come to rest, albeit temporarily (New York Mobile Homes Assn. v. Steckel, 9 N Y 2d 533), then logic alone dictates their amenability to classification, in different circumstances, as residences other than temporary.
Nor does subdivision 21 of section 130 of the Town Law mandate regulation of trailers explicitly (or else not at all). The first paragraph of section 130 is in essence permissive, stating that a Town Board may enact with regard to house trailers (subd. 21). Failure to act is clearly not equivalent to an absence of regulation. (Corning v. Town of Ontario, 204 Misc. 38.)
In defining structures or buildings in the Building Code Ordinance (art. II, § 2) several types are enumerated, though not restrictively so. Following that rule of interpretation known as ejusdem generis, general words identifying a class of objects are not strictly limited to those objects alone, but include others of the same kind or class (Black’s Law Dictionary [4th ed.]). A tent, for instance, is a structure or, synonomously, a building, according to the ordinance. An immobilized trailer easily falls within this area, and it cannot be controverted that under such condition of permanent rest it is safe, stable and adopted to *915 continuous occupancy on a permanent basis. In other words, ‘1 It is clear that house trailers are structures within the meaning of the code ” (People v. Murray, 32 Misc 2d 757, 759). Adoption of a trailer to permanent use places it within the code until it is again mobilised, and once it is so used any characteristics it might otherwise have as a mobile unit are (at least temporarily) abandoned.
Regulation of mobile homes under ordinances enacted at a time when their existence was not contemplated is not invalid for that chronological reason. It must be obvious that these ordinances, and many others, have been continuously adapted to fit constantly changing circumstances. It is a rare thing to find the law accepting a static and inert view of society. That a mobile home could not contain 800 square feet of livable area, for instance, does not render the regulation bad, but rather renders the trailer bad. And to say that trailers could never be issued certificates of occupancy for such reasons is to put the shoe on the other foot and assuming trailers to be the static item. It is agreed that mobile homes represent a new concept embodying features of both buildings and vehicles, and it may be that they must ultimately be regulated specially, but until they are they can be dealt with to the extent that they fit either category at a particular point in time. If it is unfortunate that the ordinances when applied are restrictive due to the nature of these units, changes will have to be made if at all, by the legislative branch. At any rate, this court simply determines that the ordinances allegedly violated by these defendants are sufficiently descriptive and definitive to be applicable to, and possibly violated by, trailers.
Defendants refer to the thoughful decision of Mr. Justice Cohalast in Willetts v. Schnell (N. Y. L. J., Sept. 20,1963, p. 13, col. 1) holding trailers within the meaning of the code as buildings. It is argued that the reasonableness of the ordinance there was not passed upon. That may or may not be the case, but this court independently cannot find a basis for its own delineation of the ordinance in this regard. We are treating defendants’ motion to dismiss for insufficiency, and having ascertained the applicability of the ordinances the motion is denied. Issues of a constitutional nature may be raised by answer and at trial, but at this point it suffices to say that the complaint does state a cause óf action under the ordinances and the definitions therein. (See Jackson & Perkins Co. v. Martin, 12 N Y 2d 1082, revg. 16 A D 2d 1.)