OPINION OF THE COURT
Memorandum.
The determination appealed from should be affirmed, with costs assessed against appellant, the intervenor landlord. At issue on this appeal is the applicability of the Emergency Tenant Protection Act of 1974 (ETPA) (L 1974, ch 576, § 4) to an apartment otherwise subject to the Local Emergency Housing Rent Control Act (L 1962, ch 21), but which has been temporarily exempted from coverage under the pre-existing act. We conclude that such an apartment is not "subject to” the older act, and thus is subject to the ETPA.
Section 3 of the ETPA authorizes the governing body of an appropriate municipality to declare the existence of a state of emergency as to any class of housing accommodations which was, inter alia, "heretofore or hereafter decontrolled, exempt, not subject to control, or exempted from regulation and control under the provisions of the emergency housing rent control law, the local emergency housing rent control act or the New York city [sic] rent stabilization law”. Such housing accommodations may then be subject to rent controls. By means of its Resolution No. 276, dated June 4, 1974, the New York City Council determined that a state of emergency did exist within the city, and accordingly imposed controls on, inter alia, "all classes of housing accommodations within the City of New York including, but not limited to, housing accommodations heretofore destabilized, heretofore or hereafter decontrolled, exempt, not subject to control, or exempted from regulation and control under the provisions of the local Emergency Housing Rent Control Law or the City Rent Stabilization Law”.
The apartment involved in this case is a nine-room apartment which has been leased to the same tenant for the same uses since 1966. The tenant and his immediate family use seven rooms as their primary residence. The other two rooms are used by the tenant for professional purposes. In 1966, the intervenor landlord obtained an order from the City Rent Commission making the apartment "exempt from rent control *995 * * * by reason of the renting for commercial or professional purposes so long as the tenant named herein occupies the housing accommodation”. The tenant now contends that since the apartment has been exempted from coverage under the prior legislation, it is subject to the ETPA. We agree. The language of both section 3 of the ETPA and the City Council resolution implementing that act in New York City are clear and unambiguous, including as they do any housing accommodations exempted from regulation under the prior provisions. This apartment is certainly a housing accommodation, for the use of two rooms of a nine-room residential apartment for professional purposes does not remove the apartment from the broad category of residential housing accommodations. Hence, since this apartment was exempted from regulation under the prior rent control provisions, it is subject to the ETPA.
The intervenor suggests that this result is contrary to the mandate of section 5 of the ETPA, which provides in pertinent part that "[a] declaration of emergency may be made pursuant to section three as to all or any class or classes of housing accommodations in a municipality, except: (1) housing accommodations subject to the emergency housing rent control law, or the local emergency housing rent control act”. The intervenor contends that the apartment in question is still subject to the prior laws, although exempted from them, and is thus not subject to the ETPA. The exception provided by section 5 of the ETPA, however, must be read in conjunction with section 3 of the ETPA. If interpreted as the landlord suggests, section 5 would make a nullity of large parts of section 3. We reject such an interpretation and conclude that the two sections taken together authorize the imposition of controls pursuant to a declaration of a local state of emergency with respect to all residential housing accommodations not currently regulated pursuant to the prior rent control provisions, in the absence of some other exclusion provided in the ETPA.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Determination affirmed, with costs, in a memorandum.