■ ALICE G. SACHELLARIDOU, Appellant, v PASENT REALTY CO. et al., Respondents. — Order of the Supreme Court, New York County (R. Wallach, J.), entered May 1, 1984, which denied plaintiff's motion for a preliminary injunction, *inter alia,* unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion by plaintiff is granted, with costs.

Plaintiff, Alice G. Sachellaridou, M.D., brought this action seeking to enjoin the defendant sponsor of a cooperative conversion at 13 West 13th Street in Manhattan from consummating the conversion plan filed without disclosing in the plan that the subject premises, apartment 1 A-S, occupied by plaintiff as a

doctor's office under a "commercial" lease, is available for sale to plaintiff under the terms of the plan. She seeks also to enjoin any action to evict plaintiff, asking that plaintiff be offered the apartment, proprietary lease and cooperative shares at the exclusive insider price under the fourth amendment to the plan. When plaintiff's last lease expired in March, 1983, a holdover proceeding was initiated by defendants landlord in Civil Court for termination of the lease. Plaintiff also sought consolidation of the summary proceeding with this action.

Special Term denied a preliminary injunction which, *inter alia,* sought to stay the sponsor from selling the shares of the subject premises to anyone other than plaintiff. It found that plaintiff had no rights as a rent-stabilized tenant to purchase under section 61 of the Code of the Rent Stabilization Association of New York City, Inc., and that "ambiguous references to the apartment in the Offering Statement" were of no avail to the plaintiff. Special Term also denied plaintiff's application for consolidation of the Civil Court proceeding with the Supreme Court action. These findings and determinations by Special Term were in error.

On the present motion, plaintiff must show not conclusive proof, but only the likelihood of her ultimate success on the merits, irreparable injury absent a grant of injunctive relief and a balancing of the equities in her favor (*Albini v Solork Assoc.,* 37 AD2d 835). This she has done.

Where, as in the instant case, the Rent Stabilization Code does not confer purchase rights to nonstabilized tenants by reason of their commercial leases, the terms and conditions of the plan and the conduct of the sponsor or his agents as to whether an offer of purchase was actually made or relied upon to plaintiff's detriment are dispositive.

Sufficient evidence appears that the language of the plan created an offer to plaintiff permitting her to purchase the apartment at the exclusive tenant's insider price. The plan expressly excluded the superintendent's apartment from the offer, but did not exclude apartment 1 A-S, as a professional apartment, from such offer to sell at the insider's price. Moreover, plaintiff's apartment was counted as one of the 82 apartments offered for sale. Concededly the plaintiff's tenancy was commercial. However, the fourth amendment to the plan does not impose any condition that the purchaser be a residential tenant. Rather, the fourth amendment only limits purchasers to "tenants in occupancy at the date of acceptance to the Plan for filing (and are still tenants at the date of the presentation of this Amendment)". Plaintiff was such a tenant. She was a "tenant in

occupancy" in July, 1981, when the plan was accepted for filing, and she was a "tenant" on January 13, 1984, the presentation date of the fourth amendment.

Plaintiff was made an offer, which she accepted by tendering a subscription agreement and down-payment check, as instructed by the amendment, within the appropriate time period (before February 13, 1984). Special Term erred in assuming that the plaintiff was asserting a right to purchase as a residential tenant or pursuant to the laws governing residential conversions. Rather, plaintiff asserted a right to purchase as a "tenant in occupancy" within the meaning of the fourth amendment.

Plaintiff, additionally, showed that she has used her apartment for her medical practice for about 15 years. There is no question that she would be irreparably harmed if this apartment were sold to someone else, resulting in her dispossession. The possible harm to defendants if injunctive relief is granted would merely be a delay in selling the shares to the apartment at a presumably greater "outsider" price if they were to prevail upon the action.

Since we have decided that a preliminary injunction is proper under the circumstances herein, removal and consolidation of the Civil Court holdover proceeding is necessary. The Supreme Court is the only court with jurisdiction over all of the parties and power to dispose of all of the issues raised.

Settle order with provision for undertaking. Concur — Kupferman, J. P., Ross, Asch and Bloom, JJ.