(April 11, 1985)

■ ARGYRIOS J. GOLFINOS, Appellant, v 400 COOPERATIVE CORPORATION et al., Respondents.

Plaintiff, a tenant in the building owned and operated by defendants, sues to compel the sale to him of the cooperative shares for his apartment. The plan for conversion of the 104-apartment building was offered to all tenants in July of 1981. A physician, plaintiff had for many years maintained his medical office in the apartment, and an issue in this lawsuit is whether his use of the apartment has been exclusively professional, or whether he has also maintained the apartment as his residence. He was rejected as an insider-purchaser upon the basis that he was solely a commercial tenant. Indeed, defendants previously sought to evict him by appropriate proceedings, which plaintiff moved to enjoin, seeking a declaration that he was entitled to a three-year renewal lease. That action was settled by stipulation

in August of 1982, whereby plaintiff received his lease, for professional use, and acknowledged that the apartment was not to be used as his residence.

The defendants have consistently equated this stipulation with an admission that the apartment was not subject to rent stabilization on the effective date of the offering plan, March 1982, and that the plaintiff did not reside in the apartment prior to the date of the stipulation. In fact, the stipulation makes no mention as to the rent-stabilized status of the apartment as of March 1982, and the plaintiff has nowhere indicated that he did not use the subject apartment for residential use as of the key March 1982 date. Additionally, the defendants fail to dispute that an apartment actually used for mixed residential and professional purposes may be subject to rent stabilization (*see, Matter of Zietlin v New York City Conciliation & Appeals Bd.,* 46 NY2d 992). Instead, they continue to insist that the stipulation conclusively established that the plaintiff did not use the subject apartment as his residence. On the basis of this stipulation Special Term granted defendants' motion to dismiss, finding plaintiff bound by the "clear and unequivocal" disavowal of residential tenancy. We are not persuaded that the stipulation has such sweeping force, i.e., to constitute a waiver of plaintiff's prior residential status.

It is undisputed that plaintiff occupied the apartment from April 1981 to July 1982 under a rent-stabilization (residential) lease and that the defendants accepted rent checks on this basis for that period. Hence, we find a critical question of fact to exist, which should, at the very least, await joinder of issue and further discovery before it is summarily disposed of in a motion of this kind. (*See generally, Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Marshall, Bratter, Greene, Allison & Tucker v Mechner,* 53 AD2d 537.)

Since it is not clear whether the plaintiff is still in possession or whether the apartment has been sold to an outsider, a preliminary injunction barring the plaintiff's eviction should issue to maintain the status quo. If the plaintiff has not vacated the premises, use and occupancy should be fixed at the fair market value, back to April 1984, with such amounts applicable to plaintiff's purchase price and to whatever his maintenance obligations would be during this period had he been allowed to purchase, if it is ultimately determined that he is entitled to purchase the apartment. Concur — Carro, Asch and Fein, JJ.

Murphy, P. J., and Kupferman, J., dissent in a memorandum by Kupferman, J., as follows: I would affirm.

In connection with the plaintiff's previous action to enjoin eviction proceedings and seeking a declaratory judgment, the matter was settled by a stipulation which provided, *inter alia:*

"2. The parties acknowledge and agree that the premises are to be occupied solely for professional purposes, as a doctor's office and may not be used as a residence".

Other portions of this stipulation emphasize the aforementioned language.

Under the circumstances, the majority's conclusion here lacks its own "sweeping force".