*623 OPINION OF THE COURT
Melvyn Tanenbaum, J.
This motion by plaintiffs, brought on by order to show cause (Orgera, J.) dated September 30, 1985, for a preliminary injunction restraining defendants from enforcing Town of Babylon, Code of Ordinances § 213-107 and certain notices of eviction, together with the cross motion by defendant Anchorage Associates (Anchorage) to dismiss the complaint, and the motion by defendant Suffolk County Department of Health Services (Suffolk County) to dismiss the complaint for failure to state a cause of action, together with the cross motion by defendants Town of Babylon, Noto, Dalcol, Brown, Allmendinger and Maestri (collectively referred to as the Town) for summary judgment, are consolidated in the interests of judicial economy and are determined as follows:
It is uncontroverted that in July 1984, in order to regulate the residential use of vessels along its waterfront communities, defendant Town adopted an amendment to its Unified Code of Ordinances (Code), chapter 15, article XXVII, District Regulations "FH” Floating Home District, how numbered § 213 (107.1) — § 213 (107.14) which, in effect, required that special residential districts be established for such vessels. In furtherance of its plan to create a condominium for the sale of boat slips, on September 24, 1984, Anchorage, the owner of the marina in which plaintiffs lease dock space for their floating homes, executed a declaration of covenants and restrictions to the Town prohibiting at its marina such floating homes as described in the ordinance. The condominium offering plan, which was approved by defendant Attorney-General on January 2, 1985, included a provision prohibiting the docking of such floating homes and incorporated from the ordinance the definition of that term. In addition, by a subsequent amendment dated May 16, 1985, a county requirement that a declaration of covenants and restrictions to that municipal body be recorded concerning the floating home restrictions was incorporated into the plan.
As part of the offering plan, occupants of the slip units under written occupancy agreements with Anchorage on the date the plan was accepted for filing were given advantageous purchase rights. Such privileges, however, were specifically denied the occupants of floating docks thus effectively barring plaintiffs from purchasing their slips at the special terms. Each plaintiff claims either an oral or written lease for their *624 respective slip and occupancy dating back prior to the date of the plan’s acceptance. All such leases were apparently on a month-to-month basis as of the filing date since the proof submitted indicates the latest written lease to be of a three-month duration expiring on May 15, 1984.
By notices dated August 16, 1985, plaintiffs were notified by Anchorage that the Town had informed it that the houseboats in the marina were in violation of the ordinance and that legal action would be taken if they were not removed. Plaintiffs were further notified that they were to make other docking arrangements before September 30, 1985, and that in the event of failure to vacate, dockage would be charged at the rate of $100 per day. Plaintiffs bring this action seeking a declaration that the ordinance is unconstitutional, granting a permanent injunction prohibiting its enforcement, and directing defendant Anchorage to amend its offering plan so as to permit plaintiffs to purchase slips at the condominium for the purpose of maintaining their floating homes.
With respect to the claims against defendant Anchorage, it is unclear whether said defendant is seeking dismissal on the ground of plaintiffs’ purported failure to state a cause of action (CPLR 3211 [a] [7]) or on the ground, as also stated, that plaintiffs have failed to join necessary parties. Since plaintiffs’ motion for a temporary injunction opens the record and gives the court authority to pass upon the sufficiency of the underlying pleading (CPLR 6301; Shapiro v City of New York, 67 Misc 2d 1021 [Sup Ct, Kings County 1971], affd 32 NY2d 96 [1973]) and there exists parallel motions to dismiss for failure to state a cause of action and for summary judgment by defendants Suffolk County and the Town, the court also considers defendant Anchorage’s application as one pursuant to CPLR 3211 (a) (7).
According to the allegations in the complaint and the papers submitted on the motions and cross motions, at all times in issue, each individual plaintiff’s interest in his or her respective docking slip amounted to at most a right to use the space for a limited period subject to termination either at the end of the designated term where there was a written agreement, or at the will of Anchorage on 30 days’ notice in all other instances. Such fragile interests created no right in the occupants to participate or interfere with business decisions of Anchorage. If it chose, as it apparently did, not to expend effort and money in contesting the constitutionality of the Town’s Floating Home Ordinance but instead to comply with *625 it and, additionally, grant a restrictive covenant running to the Town, the plaintiffs/occupants have no standing to complain or to challenge independently the ordinance’s constitutionality on their behalf as it relates to Anchorage’s property.
Moreover, on the pleadings and documents submitted by plaintiffs, it appears that they would not even have been entitled to the special privileges provided for in the offering plan approved by the Attorney-General. Without determining whether the preclusion of plaintiffs from the benefits of exercising such rights was illegally discriminatory, it is sufficient to note that there is no showing, or even allegation, that any of the individual plaintiffs possessed the requisite "written occupancy agreement with the sponsor” required of all occupants before such rights could be exercised.
Accordingly, the motion to dismiss the cause of action in the complaint against defendant Anchorage is granted.
The motion by defendant Suffolk County Department of Health to dismiss for failure to state a cause of action is likewise granted (CPLR 3211 [a] [7]). There is no allegation in the complaint of any acts committed by said defendant and thus there is no basis upon which to predicate any relief. Plaintiffs assert however that the proof submitted on their motion that Suffolk County required a declaration of covenants and restrictions in its favor establishes a cause of action against it. Although where evidentiary material is considered with the pleadings on a motion to dismiss for failure to state a cause of action, the criteria is not whether the proponent of the pleading has stated a cause of action but whether he actually possesses a cause of action even if not specifically pleaded (Guggenheimer v Ginzburg, 43 NY2d 268 [1977]), no cause of action against said defendant can be discerned here. Since plaintiffs lacked standing to assert Anchorage’s rights or to contest their actions, the fact that the business entity may have submitted, subsequent to the original acceptance of the plan, to an additional requirement from a second municipal body is superfluous and creates no enforceable rights in plaintiffs against that municipal body.
Lastly, the remaining application by defendant Town for summary judgment or for dismissal for failure to state a cause of action is granted (CPLR 3212).
Initially, the court must recognize that although plaintiffs may not possess any interest in real property in defendant Town, their ownership of the type of structure sought to be *626 regulated by Code § 213-107 creates a sufficient pecuniary interest to serve as a basis for standing to contest the legality of the ordinance (Marcus v Incorporated Vil. of Spring Val., 24 AD2d 1021 [2d Dept 1965]; 2 Rathkopf, Law of Zoning and Planning, ch 36, § 1 [1972]). However, the court is constrained to find the 11 causes of action asserted against defendant Town are without merit.
Town Law, article 16, § 261 empowers a town board: "to regulate and restrict the height, number of stories and size of buildings and other structures, the percentage of lot that may be occupied, the size of yards, courts and other open spaces, the density of population, and the location and use of buildings, structures and land for trade, industry, residence or other purposes”. The primary goal of zoning ordinances is to provide for development of a balanced, cohesive comprehensive plan which will make efficient use of the community’s available land for the welfare and benefit of the community (Little Joseph Realty v Town of Babylon, 41 NY2d 738 [1977]; Berenson v Town of New Castle, 38 NY2d 102 [1975]). Specifically, their purpose is to promote through land use control the concerns of the community in, inter alia, lessening traffic, promoting health and general welfare, securing safety from hazards, preventing overcrowding and facilitating adequate provision for transportation, water, sewerage, schools, parks and other public requirements (Town Law § 263).
The ordinance in issue, Code § 213-107, defines a floating home as follows:
"§ 213-107.1 Definitions . . .
"floating home — any vessel designed or, in fact, used or occupied as a dwelling unit, living and sleeping quarters, business office or source of any occupation or for any private or social club of whatsoever nature, including but not limited to a structure constructed upon a barge primarily immobile and out of navigation or which functions substantially as a land structure while the same is moored or docked, whether such vessel is self-propelled or not.”
The ordinance requires such homes be located only in approved districts and sets out regulations as to application procedure, lot size and positioning and the structure’s specifications. In essence, the ordinance seeks to regulate those vessels which no longer function primarily as a means of transportation, whether commercially or for pleasure, but rather are designed to function as stationary dwelling or *627 business units. The owners of the craft in the latter category live and utilize their vessels on a 24 hour-a-day year-round basis; the owners of the craft in the former category utilize their vessels on an occasional, although sometimes continuous, basis.
There is no question in view of the dramatic difference in the intensity of use between such classes of vessels, that a rational distinction was made by the Town Board in enacting regulation to cover only one of these classes. Due to their nature and the owners’ intentions to occupy them as permanent residences, houseboats or floating homes, like house trailers or mobile homes, are clearly structures which are properly the subject of local zoning regulations (Bass Riv. Assoc. v Mayor of Bass Riv. Township, 573 F Supp 205 [DC NJ 1983]; Stoddard v Town of Marilla, 60 AD2d 771 [4th Dept 1977]; Willetts v Schnell, NYLJ, Sept. 20, 1963, p 13, col 1 [Sup Ct, Suffolk County, Cohalan, J.], affd 21 AD2d 854, affd 16 NY2d 686, rearg denied 16 NY2d 883 [1965]; Town of Huntington v Transon, 43 Misc 2d 912 [Sup Ct, Suffolk County 1964]; Corning v Town of Ontario, 204 Misc 38 [Sup Ct, Wayne County 1953]). "Mobile [the trailer] was when used upon the highway, but mobility ceased when it was removed from the highway, attached to the soil and occupied as living quarters. A metamorphosis has occurred; the mobile vehicle has become a fixed residence.” (204 Misc, at p 40.) Moreover, it is this fact the floating homes are "permanently moored” utilizing no inboard or outboard motors, which removes them from Federal regulation under the Water Pollution Control Act (33 USC § 1322) or the Federal Boat Safety Act (46 USC § 1451 et seq.). By their clear terms, these legislative mandates apply only to "vessels” defined, in effect, as watercraft "used, or capable of being used, as a means of transportation” on the water (33 USC § 1322 [a] [1], [2]; 46 USC § 1452 [2]; emphasis supplied), a use not contemplated by plaintiffs for their homes.
The location of such structures being a proper target of zoning regulation, the issue then becomes whether the specific regulations adopted are within the permissible scope of the municipality’s police powers, that is, that they are reasonable and nondiscriminatory and bear a substantial relation to legitimate governmental purposes (Berenson v Town of New Castle, supra; Rogers v Village of Tarrytown, 302 NY 115 [1951]). The enactment of Code § 213-107 being a legislative act, it is cloaked with presumption of constitutionality, and it is incumbent upon the challenging party to demonstrate that *628 there is no permissible interpretation of the facts which justifies the ordinance’s adoption as a reasonable exercise of police powers (Shepard v Village of Skaneateles, 300 NY 115 [1949]). If the validity of the legislative classification be fairly debatable, the legislative judgment must be allowed to control (Stevens v Town of Huntington, 20 NY2d 352 [1967]).
In adopting the ordinance the Town Board declared:

"Legislative Intent:

"The Town Board of the Town of Babylon hereby finds and declares that the use of house barges for residential purposes on waterways is a utilization of property which the Town Board should regulate for environmental, social and safety reasons.
"The Town Board recognizes the right of residents and others who use town waters for recreational and commercial purposes to enjoy clean and freely navigable waters. The discharge of sewage, treated or otherwise, may adversely affect the quality of our tidal waters and shellfish contained thereunder. In addition indiscriminately located house barges may constitute a hazard to navigation as well as being aesthetically offensive.
"The Town Board also finds there is concern for the suburban character of the Town of Babylon, fire safety of house barges located in close proximity to each other and accessibility by emergency vehicles to waterfront lots.
"In view of the foregoing, it is necessary and proper for the Town Board to create a zoning classification for floating homes to preserve and ensure the public health and quality of the tidal waters as well as public safety and welfare.”
These purposes are legitimate ones under the legislative grant of authority (Town Law § 130 [17]; § 263). In view of the fact that plaintiffs have failed to demonstrate by competent proof that the specific regulations duly enacted by the Town pursuant to Town Law article 16 do not bear a reasonable relation to those legitimate governmental purposes, and at best, are "fairly debatable”, the court is constrained to find that they have failed to meet their burden in defeating defendant Town’s summary judgment motion.
Similarly, and particularly considering that the structures in issue are mobile, that other municipalities do permit the structures and that unreasonableness of this ordinance has not been established, there is a failure of prima facie proof to demonstrate triable claims that the ordinance is confiscatory *629 in nature so as to constitute a denial of due process (Matter of Golden v Planning Bd., 30 NY2d 359 [1972]) or that plaintiffs’ rights to free association or interstate travel have been infringed (Bass Riv. Assoc. v Mayor of Bass Riv. Township, supra).
The court need not address at length plaintiffs’ remaining claims. As a matter of law, the vague words and acts alleged to have been made by the Town’s representatives, even if proved, would not operate as an estoppel to prevent it from enforcing the provisions of its zoning ordinance (Premium Bond Corp. v City of Long Beach, 249 App Div 756 [2d Dept 1936]; Corning v Town of Ontario, supra). Nor are plaintiffs entitled to a declaration of "non-conforming use” status for their houseboats. The right to continue a nonconforming use in contravention of a subsequently enacted ordinance making such use illegal is a right inherent in the land so used, that is, such right runs with the land and is not vested personally in the user (2 Rathkopf, Law of Zoning and Planning, ch 58, § 2 [1972]). Plaintiffs’ lack of any cognizable interest in the premises upon which they predicate their rights to nonconforming use status, as hereinabove discussed, mandate failure of this claim. The court, however, does not pass upon what claims plaintiffs may have to such status attendant to any independent application for creation of a floating home district under the ordinance.
Accordingly, the complaint is dismissed in its entirety against defendants Anchorage Associates, the Town and Suffolk County. In view of this determination and recognizing that the causes of action asserted against the Attorney-General are derivative only, although no motion has been made, pursuant to its inherent judicial discretion the court hereby dismisses the complaint as against that party.
The motion for a preliminary injunction is denied as moot.