■ VERNON SMITH et al., Appellants, v ANCHORAGE ASSOCIATES et al., Respondents.—In an action, *inter alia,* for a judgment declaring unconstitutional Babylon Town Code § 213-107 entitled "F.H. Floating Home district", the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), dated February 25, 1986, dismissing the complaint upon the defendants' motions.

Judgment modified, on the law, by adding a provision declaring that the plaintiffs are not entitled as a matter of law to purchase slip units at the Anchorage Yacht Club Condominium. As so modified, judgment affirmed, without costs or disbursements *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

The plaintiffs are the owners of floating homes currently harbored at the Anchorage Yacht Club Condominium (hereinafter the Anchorage) in the Town of Babylon, Suffolk County. This appeal concerns their challenge to Babylon Town Code § 213-107 which restricts the mooring or docking of vessels designed for or occupied as dwelling units to designated "F.H. Floating Home districts" and which contains the application requirements for the creation of such districts.

Shortly after the ordinance was adopted, Anchorage Associates, the owner of the marina where the plaintiffs reside as month-to-month tenants, filed a condominium offering plan with the office of the New York State Attorney-General. The plan, which offered for sale 460 slip units at the marina, expressly excluded from the offer parties who intended to dock floating homes. The plan also extended a 30-day exclusive purchase right and other benefits to tenants of the marina who held written occupancy agreements.

The plaintiffs thereafter commenced this action for a declaratory judgment, an order directing Anchorage Associates to amend their offering plan, and other related relief, contending that the ordinance was unconstitutional and that they had been improperly excluded from the condominium offering plan. Upon the defendants' motions, the complaint was dismissed.

The plaintiffs contend that they are entitled as a matter of law to purchase slips at the Anchorage because they were tenants in occupancy on the date the condominium offering plan was accepted for filing, citing various cases decided under General Business Law § 352-eeee. That statute, entitled "Con-

versions to cooperative or condominium ownership in the city of New York", clearly has no application to this situation where commercial rental property in Suffolk County is converted to a condominium form of ownership. Furthermore, Anchorage Associates extended exclusive purchase period rights and other incentives only to tenants possessing written occupancy agreements, which the plaintiffs do not possess. The offer was not extended to parties intending to dock floating homes *(cf. Sachellaridou v Pasent Realty Co.,* 104 AD2d 764), and that restriction was reinforced through a restrictive covenant incorporated into the deeds to the slip units. Therefore, regardless of the ordinance, the plaintiffs are not entitled to remain at the Anchorage.

In light of the foregoing determination, we need not reach the constitutionality of Babylon Town Code § 213-107. Gibbons, J. P., Bracken, Niehoff and Kunzeman, JJ., concur. *[See,* 131 Misc 2d 622.]