■ CHESTER CIVIC IMPROVEMENT ASSOCIATION, INC., et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—Order of the Supreme Court, Bronx County (Barry Salman, J.), entered on December 20, 1985, which, *inter alia,* denied plaintiffs' motion to serve and file an amended complaint, is modified, on the law, the facts and in the exercise of discretion, solely to grant plaintiffs' motion for leave to serve the proposed amended complaint as to the first two causes of action, and otherwise affirmed, without costs.

Plaintiffs are a civic association and its president, both located in the northeast Bronx. In 1981, the City Planning Commission approved a bus depot planned by defendant Transit Authority in that area. In that year, over stiff opposition, the Board of Estimate also approved the selection and acquisition of the site. A prior challenge to this action was dismissed in the Supreme Court and that dismissal was affirmed by this court. *(Matter of Chester Civic Improvement Assn. v Board of Estimate,* 97 AD2d 986, *lv denied* 62 NY2d 601, *rearg dismissed as untimely* 63 NY2d 771.)* Thereafter, the defendant Authority took title to the lots through purchase and condemnation by the city and lease agreements between the city and the Metropolitan Transportation Authority.

The plaintiffs then brought the instant action seeking a permanent injunction. The complaint alleged that certain

stream beds had not been transferred to the city by the State and that the construction of a Waldbaum's Supermarket near the site required a new environmental impact evaluation. A motion for a temporary injunction against the construction of the depot was denied at that time. Subsequently, the Board of Estimate on October 10, 1985 adopted a resolution withdrawing its approval of the project. The plaintiffs then moved to amend their complaint and for preliminary injunctive relief.

In the first cause of action of the proposed amended complaint, plaintiffs claim the construction of the supermarket would create a negative environmental impact. The second cause of action asserts that due to the Board of Estimate's withdrawal resolution of 1985, construction of the depot was illegal. The third cause of action seeks to compel the city and the Corporation Counsel to join the action as party plaintiffs and the fourth cause of action seeks reasonable attorney's fees inasmuch as the plaintiffs were allegedly compelled to act as private attorneys-general in this action.

The Supreme Court found the asserted third and fourth causes of action not viable because the city and Corporation Counsel could not be compelled to act as plaintiffs where there is no violation of a mandatory public duty and since they have discretion as to whether to participate in such an action. The court also denied plaintiffs' application for a preliminary injunction, finding they lacked standing under the State Finance Law to compel a State agency to perform acts or to enforce the resolution of the Board (i.e., the basis of the second cause of action of the proposed amended complaint) and, accordingly, it denied plaintiffs leave to serve the amended complaint.

While we agree with the denial of the application for a preliminary injunction, we do so for reasons different than those stated by Special Term. Although the court reasoned that plaintiffs did not qualify for standing since, pursuant to State Finance Law article 7-A, actions are reserved to citizen-taxpayers and concern the disbursement and expenditure of State funds or State property, the individual plaintiff herein apparently qualifies as a citizen-taxpayer. This action involves to some degree the disposition of city or State property. Plaintiffs represent the neighborhood's real and substantial interest in the construction of this bus depot. In addition, plaintiffs have established the potential harm to them of the possible negative environmental impact of the project. As the Court of Appeals has recently stated: "[T]he contemporary rule is that a party has standing to enforce a statutory right if

its abuse will cause him injury and it may fall within the 'zone of interest' protected by the legislation *(Fritz v Huntington Hosp.,* 39 NY2d 339, 346). As we have had occasion to observe in recent years, '[o]nly where there is a clear legislative intent negating review * * * or lack of injury in fact * * * will standing be denied' *(Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 11)." *(Matter of District Attorney of Suffolk County,* 58 NY2d 436, 442.)

Nevertheless, having conceded the standing of plaintiffs, we would deny their application for preliminary injunctive relief on the grounds that they have failed to establish a clear likelihood of their success on the merits. Although not requiring conclusive proof, an injunction is a drastic remedy and plaintiffs should show the likelihood of ultimate success on the merits, irreparable injury absent the grant and a balancing of the equities in their favor. *(See, Sachellaridou v Pasent Realty Co.,* 104 AD2d 764, 765.) Thus, while plaintiffs arguably may be said to have established irreparable injury, there is a very real question, *inter alia,* as to whether the Board of Estimate, in rescinding its prior approval of the project, acted in a manner contrary to the constitutional ban on impairment of contracts. *(See, Fletcher v Peck,* 6 Cranch [10 US] 87, 135.)

Since Special Term incorrectly denied leave to plaintiffs to add the second cause of action based upon the withdrawal resolution of the Board of Estimate on the ground of lack of standing, the order appealed from should be modified solely to grant plaintiffs' motion for leave to serve the proposed amended complaint as to the first two causes of action. Concur —Ross, Asch and Ellerin, JJ.

Sandler, J. P., and Wallach, J., dissent in a memorandum by Sandler, J. P., as follows: We would affirm the order of Special Term denying leave to file an amended complaint to add an additional cause of action based on a certain resolution of the Board of Estimate on the ground the proposed cause of action is palpably without merit.

In 1981, the New York City Board of Estimate approved selection and acquisition of the Gun Hill Road site for a bus depot pursuant to the Uniform Land Use Review Procedure in the New York City Charter. Thereafter, in reliance on this resolution, clearly intended under the relevant Charter provisions to be final, the site properties were acquired through purchase and condemnation; expensive site studies and analysis were undertaken and revised; a $40 million construction contract was awarded; and construction activities commenced. Millions of dollars of bond proceeds were spent for acquisition

and .study of the sites, and millions more were irrevocably committed to construction after the 1981 resolution was upheld by this court (97 AD2d 986) and the Court of Appeals denied leave to appeal (62 NY2d 601).

In 1985, 4½ years after the original resolution, and apparently as a result of a change in position by a single member of the Board of Estimate, the Board resolved to withdraw its 1981 approval of the site selection and acquisition.

We are aware of no authority permitting the Board of Estimate to withdraw its previous approval after so much had been done in justifiable reliance on the basis of the original approval. Apart from violating the finality requirements imposed by New York City Charter § 197-c (f) and appearing to be clearly in excess of the Board of Estimate's jurisdiction under the circumstances presented, the 1985 resolution on its face undertakes to violate without justification clearly vested property and contractual rights. Even if it were possible to conceive extraordinary circumstances that would provide some color of justification for the withdrawal after 4½ years of previous approval, the grounds referred to in the Board's resolution as the basis for its action are wholly insufficient to give rise to a colorable issue.

Accordingly, the order of Supreme Court, Bronx County (Barry Salman, J.), entered on December 20, 1985, which, *inter alia,* denied plaintiffs' motion to serve and file an amended complaint, should be affirmed.