OPINION OF THE COURT
Israel Rubin, J.
Petitioner seeks a judgment pursuant to CPLR 7803 (3) annulling a determination by respondent as arbitrary and capricious.
On June 23, 1987, respondent agency issued an order denying a petition for administrative review (PAR) filed by petitioner. The agency determined that petitioner was not entitled to an order exempting an apartment, identified as number 3F (3A) located at 43 West 54th Street, New York, New York, from operation of the Rent Stabilization Law (RSL) (Administrative Code of City of New York § 26-501 et seq.) or the *24 Emergency Tenant Protection Act (ETPA) (McKinney’s Uncons Laws of NY § 8621 et seq. [L 1974, ch 576, § 4, as amended]). At issue is whether the rent regulatory statutes extend to a dwelling unit which is partly used for commercial (as opposed to professional) purposes, in violation of the applicable zoning laws.
The question is not one of first impression. A dwelling unit used entirely for commercial purposes does not come within the protection of the rent regulatory statutes (Coronet Props. Co. v Jennie & Co. Film Prods., 121 Misc 2d 873). However, a unit which is utilized partly for residential purposes and partly for professional use is covered by the Rent Stabilization Law and the Emergency Tenant Protection Act (Matter of Zeitlin v New York City Conciliation & Appeals Bd., 46 NY2d 992 [1979]). The same rationale extends to partial commercial use (Park Towers S. Co. v A-Lalan Imports, 101 Misc 2d 507, affd 103 Misc 2d 565 [App Term, 1st Dept 1980]).
The only distinguishing factor in the instant proceeding is the use of the subject premises as an electrolysis studio in violation of the applicable zoning laws. Without seeming to condone the extension of the rent regulatory statutes to protect an illegal use, this court notes- that illegality is not, per se, one of the grounds for exemption from regulation set forth in the statutes (RSL § 26-504 [a] [1]; ETPA § 5 [McKinney’s Uncons Laws of NY § 8625]; 128 Cent. Park S. Assocs. v Cooney, 119 Misc 2d 1045, 1048). Nor would it seem appropriate to encourage applications for exemption from regulation on the grounds of illegality. (Quaere: Does holding a weekly, low-stakes poker game constitute an illegal use so as to exempt the premises from regulation?) Respondent would be immediately swamped with applications having, as their primary objective, not an end to the illegal use but an increase in the rent to fair market value (see, Golfinos v 400 Coop. Corp., 110 AD2d 522 [1st Dept 1985]).
As a matter of public policy, it is by far the better approach to require a landlord who is aggrieved by an illegal use to resort to a summary proceeding to recover possession of the premises. Petitioner herein is obviously aware of this alternative, having sought and obtained a judgment of possession on precisely the grounds advanced in the instant matter (Race Realty Co. v Smith, L&T 78795/85, Civ Ct, NY County), and this court takes judicial notice, sua sponte, of the result in that proceeding (George v Time, Inc., 259 App Div 324 [1st Dept 1940], affd 287 NY 742 [1942]).
*25 This court has had occasion to note that the distinction between a business and a profession is not one which should be accorded undue weight (Matter of McDonald v Driscoll, 103 Misc 2d 567). As "going to work” for increasing numbers of people has come to mean turning on a personal computer rather than commuting to an office, the attempt to distinguish between the use of an apartment as partly professional or partly commercial has become increasingly less legitimate.
Accordingly, petition dismissed.