■ EDWARD A. GLUCK et al., Appellants, v JACKSON MANAGEMENT CORP. et al., Respondents.—In an action for a judgment declaring that the plaintiffs are entitled to purchase the shares of stock in 110-20 71st Road Apartments, Inc., and related injunctive and monetary relief, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Durante, J.), dated July 1, 1986, which, *inter alia,* granted the defendants' cross motions to dismiss the complaint.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that the plaintiffs are not entitled to purchase the shares of stock in the defendant 110-20 71st Road Apartments, Inc., which were allocated to their apartments in a proposed offering plan submitted in

June of 1981; as so modified, the order and judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

The plaintiff tenants occupy five separate apartments in the building located at 110-20 71st Road, Forest Hills, New York. Each plaintiff's lease provides that his apartment may be used for the practice of one or more of several medical specialties. It is undisputed that none of the five units in question contains a kitchen and that these units are therefore not legally usable as residences. It is also undisputed that, in fact, none of the plaintiffs use, or ever have used, their apartments as residences, and that the apartments are instead used as professional offices. The plaintiffs brought the present action seeking, *inter alia*, a declaration of their rights in connection with the conversion of 110-20 71st Road into a cooperative apartment building. The Supreme Court dismissed their complaint and, except for a technical modification, we affirm.

We agree with the decision of the Supreme Court that the plaintiffs acquired no legal right to purchase their apartments at the "insider price" or otherwise, based on the fact that the preliminary offering plan contained a provision which allocated shares in the proposed cooperative corporation to the plaintiffs' apartments. The preliminary offering plan document itself stated that the information contained therein was subject to amendment, and that no offers to buy or sell an apartment could be made until the filing of a completed offering plan. The final offering plan excluded the plaintiffs' apartments from the scope of the cooperative conversion and the plaintiffs therefore acquired no rights under the plan *(cf., Sachellaridou v Pasent Realty Co.,* 104 AD2d 764).

We also agree with the Supreme Court that the plaintiffs have no right to purchase their apartments pursuant to General Business Law § 352-eeee, the Rent Stabilization Law of 1969 (Administrative Code of City of New York § 26-501 *et seq.,* formerly § YY51-1.0 *et seq.),* the Rent Stabilization Code (9 NYCRR 2520 *et seq.)* or the former Code of the Real Estate Industry Stabilization Association of New York City, Inc.

The provision of the General Business Law referred to above governs the conversion of buildings from "residential rental status to cooperative [status]" (General Business Law § 352-eeee [1] [a]) and confers upon certain tenants of "dwelling units" certain rights in connection with such conversions (General Business Law § 352-eeee [2] [d] [ix]). The term "dwelling" generally means "a building or construction used for

residence" *(see,* Webster's Third New International Dictionary 706). The legislative history of this statute also indicates that it was enacted in order to encourage the "conversion of residential real estate from rental status to cooperative or condominium ownership" (L 1982, ch 555, § 1). In sum, this statute does not confer any rights upon commercial, as opposed to residential, tenants.

The New York City Rent Stabilization Law of 1969 (Administrative Code § 26-501 *et seq.,* formerly § YY51-1.0 *et seq.)* also applies to units which are actually occupied as residences *(see,* New York City Rent Stabilization Law of 1969 § 26-504 [a] [1] [f]). The Rent Stabilization Code (9 NYCRR 2520 *et seq.)* is similarly inapplicable to housing accommodations used exclusively as professional offices *(see,* Rent Stabilization Code [9 NYCRR] § 2520.11 [n]). Thus, the plaintiffs do not derive from these provisions any rights not conferred by the General Business Law.

The cases primarily relied upon by the appellants *(Wissner v 15 W. 72nd St. Assocs.,* 58 NY2d 645, *affg* 87 AD2d 120 *for reasons stated in opn at App Div; Whitney v Krosolor Assocs.,* Sup Ct, NY County, Dec. 23, 1986, Lee, J., *affd* 125 AD2d 1014), far from being, as the appellants contend, "strikingly similar" to this case, are patently distinguishable. There is no indication that the rent-stabilized apartments which were the subject of those cases were, like the plaintiffs' apartments, constructed to serve as commercial rather than residential units. Moreover, the lease in the *Wissner* case expressly limited the use of the apartment to residential purposes *(Wissner v 15 W. 72nd St. Assocs.,* 87 AD2d 120, 121, *supra),* and there was evidence in the *Whitney* case that the apartment at issue was, in fact, used for residential purposes. These decisions are therefore not controlling. We recognize that "an apartment actually used for mixed residential and professional purposes may be subject to rent stabilization" *(Golfinos v 400 Coop. Corp.,* 110 AD2d 522, 523, citing *Matter of Zietlin v New York City Conciliation & Appeals Bd.,* 46 NY2d 992). However, there simply is no evidence in the present case to contradict the defendants' assertion that the plaintiffs' apartments were used exclusively as medical offices.

In sum, the Supreme Court correctly concluded that as nonresidential tenants the plaintiffs have no contractual or statutory right to purchase their apartments. We therefore affirm the substance of the order and judgment of the Supreme Court, modifying it merely to the extent of making the appropriate declaration *(see, Lanza v Wagner,* 11 NY2d 317).

We have examined the appellants' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.