THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JAY MARCUS, Defendant.

City Court of Long Beach, Nassau County, March 8, 1989

### APPEARANCES OF COUNSEL

*Simenowitz & Simenowitz (Steven H. Simenowitz* of counsel), for defendant. *Samuel Ungar, Corporation Counsel (Judith Peters* of counsel), for plaintiff.

### OPINION OF THE COURT

JEROME B. FLEISCHMAN, J.

The defendant is charged with operating an electrolysis business in a "Residence FF" residential area on July 22, 1988, in violation of section 9-106.2 of Appendix A, Zoning, of the Code of Ordinances of the City of Long Beach. This section prohibits the mixed use of residential and business or commercial purposes except in a "Residence-Business A District". This ordinance in its present form was amended effective August 21, 1987, to delete an exception for "the professional practice

of a physician, dentist, lawyer, architect, musician, teacher, or other professional person residing on the premises, when such use is incidental to such residence."

However, section 9-106.3 of said Appendix A permits the continuation of any such nonconforming mixed use. Defendant has moved to dismiss the aforesaid charge on the ground this charge does not state any offense under the Code because electrolysis is a profession which is permitted as a nonconforming use under this section. While the moving papers do not set forth any facts which would indicate whether or not the defendant had used the premises for his electrolysis business prior to the effective date of the amended ordinance, the People seem to concede such facts by stating in their opposing papers that: "3. The sole issue raised by the instant motion is whether the practice of electrolysis is a profession. If the court answers this question in the affirmative, then the information should be dismissed. If the answer is negative, then the charges must stand."

Unfortunately, Long Beach's Code of Ordinances does not define what the "City Fathers" meant by "professional", and there is little or no reported case law to guide this court. *People v Cohen* (255 App Div 485 [1938]), cited by the People, is of little help. It merely holds that an electrolysis business is in the nature of a beauty parlor and is required to obtain a permit. And in *Matter of Kace Realty Co. v New York State Div. of Hous. & Community Renewal* (139 Misc 2d 23 [1988]), magnanimously cited by the People as favoring the defendant, the court did not find that electrolysis was a professional use of the premises: It merely extended the rent regulation statutes to a mixed residential and commercial use, even though the clear wording of the regulations referred only to mixed residential and professional use. This court cannot accept the reasoning in the *Kace* case that it made no difference. The court there was dealing with a rent stabilization situation which does not have the same community health and safety considerations as exist in the case at bar which involves a zoning statute. It appears that the real motivation for the decision in *Kace* was that the petitioner had already obtained a judgment for possession of the premises in a separate landlord and tenant proceeding. Therefore, the court must look elsewhere for guidance in formulating its decision.

Webster's Ninth New Collegiate Dictionary defines "professional" as one who is "engaged in one of the learned professions."

"Profession" is defined as "a calling requiring specialized knowledge and often long and intensive academic preparation".

The examples of what the city Legislature meant by professionals are consistent with Webster's definition. All require "long and intensive academic preparation."

There can be no question that electrolysis requires "specialized knowledge". It involves the resort to a process for the removal of hair from the body by the insertion of a needle, with a small amount of negative electricity, into the follicle of the hair to be removed, resulting in chemical decomposition by galvanic action. *(People v Cohen, supra.)* But does it involve "long and intensive academic preparation?"

There are 26 States which license the practice of electrology. All require some specialized training; anywhere from 125 hours to 1,200 hours. All but one require an examination. However, none require more that a high school education, except Oklahoma, which mandates a Bachelor of Science degree in an approved field. Twelve of these States monitor these activities through Departments of Health; the others through a board of cosmotology or some other agency which controls businesses. Defendant argues from the foregoing and other health-related concerns that electrology should be considered a profession.

However, this court is bound by the laws of New York State. Title VIII of the Education Law, article 15 of the Judiciary Law and article 15 of the Business Corporation Law are the only statutes in New York which employ the term "professional" in dealing with those under its jurisdiction. In general, these cover doctors, lawyers, architects, engineers, accountants, teachers, and the like. All are required to undergo "long and intensive academic preparation".

Nowhere is there any mention of electrologists. Nor is there any requirement for electrologists to be licensed to practice their trade in New York. In fact, section 1212-A (b) (1) of the Tax Law specifically excludes the practice of electrolysis from the medical profession. Therefore, electrologists in the State of New York are not required to have either the training or the education to entitle them to be considered professionals.

While some day electrology may be considered a profession in New York, and maybe it should be regulated as such, this is a legislative decision. At this stage in the New York legislative evolution, electrology has not reached that pinna-

cle. Therefore, I find that electrology is not a profession within the meaning of former section 9-106.6 of Appendix A, and the motion to dismiss must be denied.

This case will appear on the calendar of this court for trial on April 7, 1989.