■ ANDREW W. WENDLING, Appellant, v 136 EAST 64TH STREET ASSOCIATES et al., Respondents.—Order of the Supreme Court, New York County (Martin Stecher, J.), entered September 15, 1986, which granted defendants' motion for summary judgment, dismissed the complaint and denied plaintiff's cross motion for summary judgment, and also denied plaintiff's motion for removal of a related summary proceeding from Civil Court to Supreme Court, for a stay of that action and for an order enjoining defendants from transferring to any other entity the shares allocated to the apartment plaintiff occupies, modified, on the law and the facts, to the extent of denying defendants' motion for summary judgment, granting plaintiff's motion for removal and consolidation of the Civil Court proceeding and for a preliminary injunction against the transfer of shares allocated to the apartment in issue, and otherwise affirmed, without costs.

Starting in January 1977, plaintiff-appellant, Dr. Wendling,

leased apartment 1B from defendant-respondent sponsor/ seller. The lease was successively renewed until June 30, 1984. Since then, Dr. Wendling has been a month-to-month tenant.

In September 1979, sponsor/seller distributed an offering plan which allowed residential tenants to buy their apartments at insider prices through the purchase of allocated shares in defendant corporation. In January 1980, a third amendment to the plan provided for the sale of professional apartments to their occupants. Pursuant to this amendment, Dr. Wendling executed a subscription agreement and tendered a check for $1,100 as a down payment. Sponsor/seller accepted both.

Title to the property was to be transferred to the corporation between 30 and 180 days after the plan was declared effective, and in no event later than September 30, 1981 unless the title closing was adjourned. The offering plan was declared effective on February 23, 1981 and filed with the Attorney-General the next day. The eighth amendment had named Dr. Wendling as the purchaser of 1B at a price of $110,000. Shortly thereafter, however, the Association of Non-purchasing Tenants commenced several actions resulting in a preliminary injunction which barred transfer of title. This delayed conveyance of title until December 21, 1984, at which time the plan was consummated through the addition of two amendments to the original plan.

In the meantime, on March 18, 1982, the defendant corporation had sent a letter to Dr. Wendling returning the deposit and canceling the agreement on the ground that title to the property was not transferred by the cutoff date, September 30, 1981. Dr. Wendling cashed that check. In February 1986, the sponsor/seller served notice to terminate Dr. Wendling's month-to-month tenancy. When Dr. Wendling failed to vacate the premises, the sponsor commenced a summary proceeding in Civil Court.

In April 1986, Dr. Wendling began the instant action. He complains that the March 1982 cancellation was improper. He also seeks injunctive relief prohibiting defendants from transferring the shares of his apartment, and he seeks damages if it is determined that as a result of defendants' alleged fraudulent conduct he no longer has the right to purchase his apartment at the original price. In addition, he seeks to remove the summary proceeding in Civil Court and consolidate it with the instant action.

Defendants moved for summary judgment arguing that the

subscription agreement was properly canceled since title was not conveyed by September 30, 1981. Plaintiff then cross-moved, *inter alia,* for summary judgment, contending that the cancellation of his subscription agreement was wrongful and fraudulent. Supreme Court granted defendants' summary judgment motion and refused plaintiff-appellant all relief he sought.

The controversy centers on a paragraph in the agreement. The paragraph sets September 30, 1981 as the latest date for title to pass *"unless the closing of title is adjourned"* (emphasis supplied). Closing failed to occur by September 30, 1981 because of a dispute between the sponsor and a tenants' association. This resulted in a preliminary injunction which delayed the closing for over three years, until December 21, 1984. Inasmuch as the actual closing came about by the issuance of two amendments to the *original* plan, *not* through the issuance of a new plan (which would have required refiling with the Attorney-General), a question is raised as to whether the 39-month delay between September 1981 and December 1984 constituted an adjournment.

On the other hand, the circumstances under which Dr. Wendling cashed the check refunding his down payment must be explored as well as his failure to commence the action upon receipt of the letter canceling his subscription agreement. Therefore, summary judgment in his favor is not called for. Both the plan and the agreement were drafted by the sponsor, and must be construed against it. *(Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342.) Moreover, on a motion for summary judgment, the Supreme Court is obligated to accept the opposing party's version of the facts *(Citibank v Dutka,* 74 AD2d 520) and to draw all inferences favorable to it. *(Katz v American Tech. Indus.,* 96 AD2d 932.)

Because this proceeding and the one in Civil Court turn on the same issues, we order that the holdover proceeding be removed to Supreme Court and consolidated with the instant action. Furthermore, we note that Dr. Wendling has conducted his practice from the apartment in question for approximately 10 years. He would be irreparably harmed if that apartment were sold and he dispossessed pending a final disposition. Conversely, granting him injunctive relief would cause sponsor/seller only slight harm by delaying their profit from the apartment's sale, should they prevail. Therefore, we grant the temporary injunctive relief sought by Dr. Wendling. *(See, Sachellaridou v Pasent Realty Co.,* 104 AD2d 764, 766.)

Concur—Kupferman, J. P., Ross, Asch, Kassal and Wallach, JJ.