■ ANDREW W. WENDLING, Appellant, v 136 EAST 64TH STREET ASSOCIATES, Respondent, et al., Defendant.—Order and judgment (one paper) of the Supreme Court, New York County (Harold Tompkins, J.), entered on March 22, 1990, which, upon the submission of stipulated facts, granted judgment in favor of defendants, dismissed plaintiff's first through fourth causes of action, severed and referred to a Special Referee the counterclaims and demands for setoffs by defendant 136 East 64th Street Associates and granted possession of the subject premises to defendant 136 East 64th Street Associates, is unanimously affirmed, without costs or disbursements.

This action is to ascertain the right of plaintiff, a commercial tenant not covered by the rent regulation laws, to pur-

chase shares allocated to the subject cooperative apartment. On a prior appeal (128 AD2d 419), this court reversed the granting of summary judgment in favor of defendants, consolidated a pending Civil Court proceeding with the instant matter and accorded temporary injunctive relief to plaintiff preventing sale of the shares in question and eviction of plaintiff. Subsequently, the action was submitted for determination on a stipulation of facts. The Supreme Court thereafter concluded that plaintiff was not entitled to buy the shares assigned to his professional apartment from defendant sponsor. In that connection, plaintiff had previously accepted a full refund of his down payment and had endorsed the check without restriction notwithstanding that the refund was accompanied by a letter from the sponsor which referred to language in the subscription agreement between the parties providing that plaintiff's acceptance of the refund would result in an unconditional release.

A release based upon payment of a full refund is valid *(see, Brandt Corp. v City of New York,* 14 NY2d 217), and plaintiff has acknowledged that he understood the subscription agreement before he executed it. Moreover, he made no effort to protect his rights until after defendants had instituted a holdover proceeding against him in Civil Court. Accordingly, regardless of whether or not the delay in closing caused by the preliminary injunction in the tenants' litigation can be deemed to constitute an adjournment, the fact remains that by unconditionally accepting the sponsor's refund of his down payment and then failing for years to take any affirmative steps to secure his right to purchase the applicable shares, plaintiff may not now compel enforcement of a long-superceded amendment which permitted purchase by commercial tenants of professional apartments. Concur—Sullivan, J. P., Carro, Milonas, Asch and Rubin, JJ.