■ GEORGE BERNARD, Appellant, v 345 EAST 73RD OWNERS CORP. et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (Herman Cahn, J.), entered April 11, 1991, which, *inter alia,* granted defendants-respondents' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to deny so much of the motion as was addressed to the second cause of action, and otherwise affirmed, without costs.

Plaintiff asserts that noises emanating from the apartment above his own constituted a nuisance and a breach of the

covenant of quiet enjoyment in his lease with defendants-respondents. While we agree with the IAS court that a cause of action for nuisance does not lie as against defendants-respondents since they did not create the nuisance and had surrendered control of the premises to codefendant-tenant of the apartment above plaintiff's *(New York Tel. Co. v Mobil Oil Corp.,* 99 AD2d 185, 188-189), the cause of action for breach of the covenant of quiet enjoyment, predicated upon a partial constructive eviction, should not have been dismissed pursuant to either CPLR 3211 (a) (7) or 3212 where, as here, an issue of fact exists as to whether, as plaintiff alleges, a portion of the disturbed premises has been abandoned *(see, Minjak Co. v Randolph,* 140 AD2d 245). Concur—Murphy, P. J., Carro, Rosenberger, Kupferman and Ross, JJ.