OPINION OF THE COURT
Richard F. Braun, J.
Plaintiff is suing defendants for damages for breach of the covenant of quiet enjoyment, pursuant to the New York City Smoke-Free Air Act (Administrative Code of City of NY, tit 17, ch 5 “and/or” Public Health Law art 13-E), and for nuisance. Defendants 370 Lexington Avenue, LLC and Murray Hill Property Management, Inc. moved for summary judgment dismissing the complaint and all cross claims. By stipulation, the branch of the motion addressed to cross claims was withdrawn.
Plaintiff is a New York state professional corporation that had an office at 370 Lexington Avenue, suite 1001, New York, New York, pursuant to a lease, dated July 29, 1991. The lease was amended on October 1, 1996. On September 14, 2000, plaintiff agreed to extend the lease for plaintiffs premises. Herbert Paul is an attorney and a certified public accountant. Defendant 370 owns the building. Defendant Murray Hill was the managing agent for the building. Defendant Richard Anderson is a tax attorney. Shortly after he took occupancy of the adjoining suite 1000 in the summer of 1999, cigarette smoke began to infiltrate plaintiffs office. The smoke made plaintiffs employees suffer from the ill effects of secondhand smoke. Certain rooms of plaintiffs suite became completely unusable. Plaintiff had to seal off its conference room and could not use other rooms in the suite. All rooms in plaintiffs office were adversely affected by the infiltration of the secondhand smoke. Plaintiff complained many times orally and in writing to defendants 370, Murray Hill, and Anderson of the persistent secondhand smoke problem.
The only other employee in the office of defendant Anderson, besides him, was his wife who was his office manager. She states that her desk was in the rear of the reception area directly in *749 front of a window and that defendant Anderson’s office was located to the right of the reception area. She claims that she only smoked three to five cigarettes per workday, and that, when she did so, the window located directly behind her desk was always open. Defendant Anderson testified at his deposition that his wife smoked maybe five or six cigarettes per day in the office, and he only smoked there occasionally. She alleges that Herbert Paul only visited defendant Anderson’s suite twice to complain about smoke infiltration.
After receiving complaints from Mr. Paul regarding the smoke, defendant Murray Hill assured plaintiff that the smoke infiltration problem would be taken care of. Defendant Murray Hill sent its employees to defendant Anderson’s suite. Defendant Murray Hill’s vice-president of asset management spoke to Mr. Paul and defendant Anderson about the smoke problem. Defendant Murray Hill claimed in a memo that building staff checked the distribution ductwork, common walls, radiators, and piping.
Paragraph 3 of the rules and regulations of defendant Anderson’s lease for his suite provides that he would not use his premises in a manner which would be offensive or objectionable to other building occupants by reason of odors, or in any way interfere with other building tenants. Paragraph 55 of the rider to his lease provided that he would not allow any unusual or obnoxious odors to emanate from his suite, and, if such a condition was not corrected within five days after the landlord sent defendant Anderson notice to do so, the landlord could treat defendant Anderson’s failure to do so as a material default under the lease. Under the lease, the landlord could evict him for a material default.
The attorney for defendant 370 sent a letter to defendant Anderson regarding “numerous complaints” about smoking in his office. The attorney advised him that, unless the situation was rectified, defendant 370 would take appropriate action including evicting him. Defendant 370’s vice-president decided not to bring an eviction proceeding, and none was brought.
Defendant Anderson testified at his deposition that he never received any written communication from defendants 370 and Murray Hill. He also averred that defendant Murray Hill’s vice-president never visited his office, although the vice-president had promised to do so in a letter to Mr. Paul. Furthermore, defendant Anderson swore that he only received one phone call from defendant Murray Hill’s vice-president. Defendant Anderson testified regarding what the vice-president said: “In *750 essence, there’s a guy complaining, so do me a favor, open a window, something like that.”
The smoke infiltration continued. Mr. Paul testified at his examination before trial that he dreaded moving and would have done anything to avoid it. However, finally plaintiff moved to new offices in another building. Contrary to the contention of defendants 370 and Murray Hill, plaintiff is not claiming damages for lost clients or discomfort to plaintiff’s employees. Rather, plaintiff is seeking damages for its moving costs and for its inability to use the rooms of plaintiffs suite.
It is the burden of the movant on a motion for summary judgment to demonstrate his, her, or its entitlement to summary judgment as a matter of law (Silverman v Perlbinder, 307 AD2d 230 [1st Dept 2003]). Once the movant does so, the opponent of the motion has to show that a trial is required to be held on a material issue(s) of fact (see Borchardt v New York Life Ins. Co., 102 AD2d 465, 467 [1st Dept 1984], affd for reasons stated below 63 NY2d 1000 [1984]). In deciding a summary judgment motion, the court must accept the version of the facts put forth by the opponent of the motion and give that party the benefit of all favorable inferences (Wendling v 136 E. 64th St. Assoc., 128 AD2d 419, 421 [1st Dept 1987]).
A covenant is implied into leases that the lessee is entitled to quiet enjoyment of the demised property (Fifth Ave. Bldg. Co. v Kernochan, 221 NY 370, 376 [1917]). There must be an actual or constructive eviction from the premises for there to be a breach of the covenant of quiet enjoyment (Dave Herstein Co. v Columbia Pictures Corp., 4 NY2d 117, 119-121 [1958]). A constructive eviction does not require physical removal from the premises; it is sufficient to demonstrate that the lessee could not use the premises for the purpose(s) intended and had to abandon the premises under the circumstances (Dinicu v Groff Studios Corp., 257 AD2d 218, 224 [1st Dept 1999]). A breach of the covenant of quiet enjoyment can be predicated upon a partial constructive eviction, where the lessee only gives up part of the premises (Bernard v 345 E. 73rd Owners Corp., 181 AD2d 543, 544 [1st Dept 1992]).
Here, plaintiff claims that due to the continuing smoke infiltration problem, plaintiff eventually moved out of the entire premises. Defendant argues that plaintiff’s claim should fail because plaintiff did not act reasonably in waiting to move out until it did and in renewing the lease for the subject premises while the smoke problem continued. The explanation of plaintiff *751 as to why it did not move earlier creates a question of fact which requires a trial (see Joseph P. Day Realty Corp. v Franciscan Sisters for Poor Health Sys., 256 AD2d 134, 135 [1st Dept 1998]). Even if plaintiffs moving out when it did was not a complete constructive eviction, and thus there is no breach of the covenant of quiet enjoyment for that reason, plaintiff still claims that it had to seal up the conference room due to the smoke, and other rooms became unusable, which may have constituted a partial constructive eviction. Thus, plaintiff has demonstrated that there are issues of fact for trial on the cause of action for breach of the covenant of quiet enjoyment.
Public Health Law article 13-E regulates smoking in certain public areas. Although the statute protects people from the effects of secondhand smoke, no private cause of action was created under the article, and the only penalties for noncompliance are civil penalties imposed by the Commissioner of Health of the State of New York or any other enforcement officer (Public Health Law § 2 [b]; §§ 1399-v, 1399-w). Thus, that branch of plaintiffs second cause of action does not lie.
The Administrative Code of the City of New York provision that was in effect at all relevant times stated:
“Smoking may be permitted in any private, enclosed office which is usually occupied by no more than three individuals; provided, however, that: (i) smoking is prohibited in any such office whenever more than three people are present, (ii) when more than one person is present in such office, smoking is permitted only when at least one of the persons present is the usual occupant of such office, and when each and every person present in such office consents to permit smoking therein and (iii) the door to any such office shall be completely closed while smoking is occurring and for a reasonable period of time thereafter in order to minimize or eliminate the drift of second-hand smoke from such office into smoke-free areas.” (§ 17-504 [b].)
Although the chapter of the Administrative Code of the City of New York in effect at the time did not have a provision limiting private causes of action, as Public Health Law § 1399-w does, no such private cause of action is specifically granted under the chapter. In any event, defendants 370 and Murray Hill have demonstrated that they are entitled to summary judgment on that portion of plaintiffs second cause of action because only two people occupied the suite of defendant Anderson. They *752 both consented to smoking therein, and agreed that, if so, they would not violate any laws. Plaintiff’s argument that the number of plaintiff’s employees exceeded the limit of that Administrative Code of the City of New York provision misses the point. The material number of employees thereunder was the number who were employed in the office where the smoking was taking place, not the number in plaintiffs suite. Plaintiff has not shown that there is any question of fact as to that part of the second cause of action, and thus, by this court’s separate decision and order, that branch too has been dismissed as against defendants 370 and Murray Hill.
Although defendant Anderson may be liable to plaintiff for a private nuisance (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 569-570 [1977]), defendants 370 and Murray Hill are not. They did not create the smoke infiltration condition which plaintiff claims constituted a nuisance, and they gave up control of the premises to defendant Anderson by leasing possession thereof to him (see Bernard v 345 E. 73rd Owners Corp., 181 AD2d at 544). Thus, the nuisance cause of action has been dismissed as against defendants 370 and Murray Hill.
Therefore, summary judgment has been awarded to defendants 370 and Murray Hill dismissing the second and third causes of action as to them. The remaining claims have been severed for trial and shall continue.