Tahari v 860 Fifth Ave. Corp. (2025 NY Slip Op 05584)

Tahari v 860 Fifth Ave. Corp.

2025 NY Slip Op 05584

Decided on October 09, 2025

Appellate Division, First Department

Scarpulla, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber
Saliann Scarpulla Barbara R. Kapnick Lizbeth González Marsha D. Michael

Index No. 654702/18|Appeal No. 3859|Case No. 2024-03150|

[*1]Elie Tahari, Plaintiff-Respondent,
v
860 Fifth Avenue Corporation, et al., Defendants-Appellants.

Defendants appeal from the order of the Supreme Court, New York County (Arthur F. Engoron, J.), entered April 30, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint as against defendant board of directors and granted the cross-motion of plaintiff to amend his pleadings to serve and file a third amended complaint naming Ryan Hagglund as a defendant, in his representative capacity as president of the board.

Cozen O'Connor, New York (Menachem J. Kastner and Amanda L. Nelson of counsel), for appellants.
Morrison Cohen LLP, New York (Amber R. Will and Yehuda D. Scharf of counsel), and Quinn McCabe LLP, New York (Simon Block and Christopher P. McCabe of counsel), for respondent.

Scarpulla, J. 

This action concerns a long-running dispute between a shareholder of a residential cooperative corporation and the cooperative corporation regarding the shareholder's combination and renovation of two penthouse apartments. Plaintiff commenced this action in 2018 and has asserted a variety of contract and tort causes of action against the cooperative corporation and individual board members in his complaint and amended complaint.
In Tahari v 860 Fifth Ave. Corp. (214 AD3d 491 [1st Dept 2023]), this Court, among other things, dismissed plaintiff's breach of fiduciary duty causes of action against the cooperative corporation and most of the individual board members for failure to state a cause of action. Plaintiff then interposed a second amended complaint in which he asserted a breach of fiduciary duty cause of action against the board of directors of the cooperative corporation, as distinct from the now-dismissed breach of fiduciary duty causes of action against the cooperative corporation and the individual board members. Defendants moved to dismiss the cause of action against the board of directors on the ground, among others, that the board was not amenable to suit. In response, plaintiff cross-moved to serve a third amended complaint, naming the current board president as a representative of the board.
The motion court denied defendants' motion to dismiss and granted plaintiff's cross-motion to amend the complaint to add the board president as a representative of the board of directors. Specifically, the court held that this Court has determined that the board of directors of a cooperative corporation is directly amenable to suit, as opposed to the cooperative corporation and/or individual board members. That holding misinterprets our precedent and we now clarify that the board of directors of a corporation is not amenable to suit, separate and apart from being sued in its representative capacity for the corporation.
New York corporations are created and regulated pursuant to the New York Business Corporation Law, which provides that private corporations can "sue and be sued in all courts," and can "participate in actions or proceedings . . . as natural persons" (§ 202[a][2]). Further, the Business Corporation Law provides that the business of the corporation is to be conducted through its board of directors (§ 701). A board of directors is a group of individuals elected by the shareholders of a corporation to manage day-to-day operations and make decisions on behalf of the corporation (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 536 [1990]). Significantly, the Business Corporation Law does not contain a provision authorizing a corporation's board of directors to commence suit in its own capacity, separate from the corporation. Nor does the Business Corporation Law contain any provision permitting suit directly against a board of directors.
New York trial courts have explicitly held that a board of directors is not an entity that may be sued separately from the corporation (see e.g. Stromberg v East Riv. Hous. Corp., 82 Misc 3d 871, 883-884 [Sup Ct, NY County 2023] [concluding that "no basis exists to treat the board of a cooperative corporation as a juridical entity distinct from the cooperative itself" following its review of statutory and decisional law]; Biales v 10 E. End Ave. Owners, Inc., 85 Misc 3d 1202[A], 2025 NY Slip Op 50074[U] [Sup Ct, NY County 2025]). Federal courts have echoed this conclusion (see e.g. Siegler v Sorrento Therapeutics, Inc., 2021 WL 3046590, *10, 2021 US App LEXIS 21391, * 27-28 [Fed Cir 2021] [noting that "California's Corporation Code only identifies a corporation or association as entities that may be sued"]; Heslep v Americans for African Adoptions, Inc., 890 F Supp 2d 671, 678-679 [ND W Va 2012]; Team Sys. Int'l, LLC v Haozous, 2015 WL 2131479, *2, 2015 US Dist LEXIS 59845, *4 [WD Okla, May 7, 2015, No. CIV-14-1018-D]; Lopez-Rosario v Programa Seasonal Head Start/Early Head Start de la Diocesis de Mayaguez, 245 F Sup 3d 360, 370 [DPR 2017]), affd 847 Fed Appx 9 [1stCir 2021] [holding that "[a] board of directors is not a legal entity separate and apart from the corporation it directs . . . and, thus, lacks capacity to be sued"]).
The Ohio Appellate Court, in Flarey v Youngstown Osteopathic Hosp. (151 Ohio App 3d 92, 96, 2002 - Ohio — 6899, 783 NE2d 582, 585 [7th Dist 2002]), aptly noted that
"[a]s a practical matter, it would be nonsensical to hold a board of directors liable as a collective entity. A board of directors may not own property in its own name. Thus, any judgment against it could not be recovered from the collective group. Furthermore, a judgment against the collective entity cannot apply to the individual, as the individuals are liable only if they participated in the tortious conduct. Thus, such a suit would be, for all practical purposes, pointless."
Applying the Business Corporation Law and consistent with the foregoing cases, the residential cooperative board of defendant 860 Fifth Avenue Corporation is not an entity with the capacity to sue and be sued separate and apart from the corporation on whose behalf it acts. The motion court's reliance upon Dau v 16 Sutton Place Apt. Corp. (205 AD3d 533 [1st Dept 2022]) to find otherwise was misplaced. In Dau, an action was commenced against both a residential cooperative corporation and its board of directors (id. at 534). The issue in Dau, with respect to the breach of fiduciary duty claims against the board of directors, was whether those claims were sufficiently and timely pled (id. at 535-536). Whether the board of directors could be sued separately from the corporation itself was never raised. Thus, Dau should not be read to hold that a claim for breach of fiduciary duty may be brought directly against a board of directors.[FN1]
While a shareholder cannot assert allegations of breach of fiduciary duty against a board of directors, a shareholder may assert the claim against the individual directors (see e.g. Weinreb v 37 Apts. Corp., 97 AD3d 54, 57 [1st Dept 2012]; Peacock v Herald Sq. Loft Corp., 67 AD3d 442-443 [1st Dept 2009]). Here, plaintiff originally brought breach of fiduciary duty causes of action against fourteen of the individual board members and the corporation (see Tahari, 214 AD3d at 492). Those causes of action were largely dismissed, and plaintiff may not simply replace those parties with "the board" to revive those now dismissed claims.
Lastly, plaintiff has not demonstrated proper grounds for leave to amend the complaint to add Mr. Hagglund as a defendant in his capacity as president of the board. As the board is not an "unincorporated association" (see Board of Mgrs. of the 28 Cliff St. Condominium v Maguire, 191 AD3d 25, 28 [1st Dept 2020]), General Associations Law § 13 does not apply.
The remaining arguments have been considered and are unavailing.
Accordingly, the order of the Supreme Court, New York County (Arthur F. Engoron, J.), entered April 30, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint as against defendant board of directors and granted the cross-motion of plaintiff to amend his pleadings to serve and file a third amended complaint naming Ryan Hagglund as a defendant, in his representative capacity as president of the board, should be reversed, on the law, without costs, defendants' motion granted, and plaintiff's cross-motion denied.
Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 30, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, reversed, on the law, without costs, defendants' motion granted, and plaintiff's cross-motion denied.
Webber, J.P., Scarpulla, Kapnick, Gonzalez, Michael, JJ.
Opinion by Scarpulla, J. All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025

Footnotes

Footnote 1: Similarly, Fuisz v 6 E. 72nd St. Corp. (222 AD3d 402 [1st Dept 2023]) does not hold that a board of directors is a proper defendant to a claim for breach of fiduciary duty because, like in Dau, neither the cooperative corporation nor the board of directors raised an issue as to whether a board of directors is a separate entity capable of being sued.