Roth v Board of Mgrs. of 299 W. 12th St. Condominium (2025 NY Slip Op 06670)

Roth v Board of Mgrs. of 299 W. 12th St. Condominium

2025 NY Slip Op 06670

Decided on December 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 02, 2025

Before: Renwick, P.J., Scarpulla, Kapnick, Mendez, O'Neill Levy, JJ. 

Index No. 154315/22|Appeal No. 5271|Case No. 2025-00394|

[*1]Scott Roth et al., Plaintiffs-Appellants,
v
Board of Managers of 299 West 12th St. Condominium, Defendant-Respondent.

Schlam Stone & Dolan LLP, New York (Erik S. Groothuis of counsel), for appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Patrick F. Palladino of counsel), for respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about January 3, 2025, which granted defendant's motion for summary judgment dismissing plaintiffs' claims for breach of fiduciary duty (the first cause of action) and private nuisance (the second cause of action), unanimously modified, on the law, to deny the motion with respect to first cause of action, and otherwise affirmed, without costs.
Supreme Court should have denied the motion insofar as it sought dismissal of the cause of action for breach of fiduciary duty. Initially, defendant, as a condominium board of managers, may be sued as an unincorporated association on any cause of action for which the members may be liable individually or jointly (General Associations Law §13; see Rosenthal v Board of Mgrs. of Charleston Condominium, 216 AD3d 442, 443 [1st Dept 2023]; cf. Tahari v 860 Fifth Ave. Corp., — AD3d &mdash, 2025 NY Slip Op 05584, *4 [1st Dept 2025] [cooperative corporation's board of directors may not be sued as an entity]).
As to the merits of the action, plaintiff raised issues of fact as to whether defendant breached its fiduciary duty to plaintiffs by permitting a purported breach of the bylaws and house rules to persist over plaintiffs' complaints about the unreasonable traffic and commotion in the common area hallway in front of their unit (see e.g. Rosenthal, 216 AD3d at 443). The parties submitted sharply contrasting evidence concerning whether and to what extent defendant investigated plaintiffs' complaints and whether defendant fulfilled its fiduciary obligation to enforce the condominium bylaws.
Although "[p]ersons living in organized communities must suffer some damage, annoyance and inconvenience from each other" (Nussbaum v Lacopo, 27 NY2d 311, 315 [1970]), that principle does not eliminate defendant's duties under the bylaws to investigate alleged violations of the bylaws and house rules and to balance the unit owners' rights fairly without favoring one over the other (see e.g. Fuisz v 6 E. 72nd St. Corp., 222 AD3d 402, 405 [1st Dept 2023]). Regardless of whether plaintiffs' neighbors' use of the unit fell within the bylaws' definition of residential use, plaintiffs have sufficiently raised an issue of fact as to whether defendant properly determined that the neighbor's conduct did not create a nuisance under the condominium bylaws and house rules.
However, Supreme Court properly held that defendant's enforcement of a neutral rule does not, on its own, establish disparate treatment. Therefore, plaintiffs cannot support their breach of fiduciary duty claim based on their allegations that they were singled out for mistreatment or retaliated against when defendant demanded that plaintiffs remove their Ring camera, or when defendant investigated a leak purportedly originating in plaintiffs' unit (see Pomerance v McGrath, 124 AD3d 481, 483 [1st Dept 2015]).
Further, Supreme Court properly dismissed the private nuisance claim against defendant because it was not responsible for the creation of the purported nuisance (see Bernard v 345 E. 73rd Owners Corp., 181 AD2d 543, 544 [1st Dept 1992]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 2, 2025